(No. 43567.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* MOVIES, INC. *et al.,* Appellants.

*Opinion filed June 24, 1971.—Rehearing denied October 4, 1971.*

PATRICK A. TUITE, of Chicago, for appellants.

EDWARD V. HANRAHAN, State's Attorney, of Chicago (DANIEL P. COMAN, Chief of the Civil Division, and THEODORE A. SHAPERO, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case is here upon appeal from an order entered by a magistrate in the circuit court of Cook County which found that a certain motion picture film, "Wide Open Copenhagen," also known as "Pornography Copenhagen '70," was obscene, and ordered it "impounded." Because no final judgment has been entered, the appeal must be dismissed.

The proceeding was initiated by complaints that charged Jeffery Begun, Howard Cohen, John Horton, and Paul Gonsky with having knowingly exhibited, for a fee, an obscene motion picture, in violation of section 11—20 of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, par. 11—20.) When the complaints were exhibited to the magistrate a *subpoena duces tecum* was issued commanding the production of the film. On the next day a copy of the film was produced, and it was viewed by the magistrate in the presence of the defendants and their attorney.

At the conclusion of the film the magistrate stated that he found it obscene, and ordered it impounded. A continuance for ten days was then allowed at the request of the attorney for the defendants. At that time witnesses testified on behalf of the State and the defendants on the issue of the film's obscenity. The order appealed from was entered. It recites that "the Court after hearing all the testimony of witnesses and the arguments of counsel, and being fully advised in the premises, renders the following finding, to wit: 'The Court finds the film "obscene" and orders said film impounded.' "

On one occasion in the circuit court the attorney for the defendants stated that the proceeding was a civil one, but that description is not warranted by the record. The proceeding has none of the characteristics of a common law or equitable action to abate a nuisance. And while there is statutory authority for the abatement of nuisances in the case of places used for prostitution (Ill. Rev. Stat. 1969, ch. 100½, pars. 1 through 11), and places used for the purpose of using, keeping, or selling narcotic drugs (Ill. Rev. Stat. 1969, ch. 100½, pars. 14 through 25), or used as gambling places (Ill. Rev. Stat. 1969, ch. 38, par. 28—3), we are not aware of any comparable statutory proceeding applicable to obscene material. See also, Ill. Rev. Stat. 1969, ch. 38, pars. 22—35, 22—36 (forfeiture of illicit drugs); Ill. Rev. Stat. 1969, ch. 38, par. 28—5 (forfeiture of gambling devices and gambling funds); Ill. Rev. Stat. 1969, ch. 38, par. 36—1 *et seq.* (forfeiture of vessels, vehicles and aircraft.)

No administrative censorship was involved in this case. The hearing at which the magistrate viewed the film in question was the hearing provided for in section 108—12 of the Code of Criminal Procedure, which is concerned with "the case of any material seized which is * * * evidence of a violation of Section 11—20 of the 'Criminal Code of 1961'". That section provides that if the material is found not to be obscene it is to be returned to the owner and that if it is found to be obscene it is to be held pending further proceedings. (Ill. Rev. Stat. 1969, ch. 38, par. 108—12.) Those proceedings have not been concluded.

The appeal is dismissed for want of a final judgment.

*Appeal dismissed.*