THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney of Cook County, Plaintiff-Appellee, *v.* ROUTE 53 DRIVE-IN *et al.*, Defendants-Appellants.

First District (3rd Division)  No. 63082

Opinion filed December 30, 1976.

Patrick A. Tuite and Alfred B. Teton, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago, *pro se* (Paul P. Biebel, Jr., and John A. Dienner, III, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendants, Route 53 Drive-In, Jeff Kohlberg Enterprise, Kohlberg Theaters, Inc., Jeffrey M. Kohlberg, and Stanford S. Kohlberg, appeal from the entry of a preliminary injunction enjoining them from exhibiting as a public nuisance motion pictures which contain certain sexual scenes viewable from nearby highways and residences. On appeal defendants contend that the evidence was insufficient to establish the existence of a nuisance, and further, that such an injunction is an unconstitutional prior

restraint of their First Amendment rights. We reverse. The pertinent facts follow.

On July 31, 1975, the State's Attorney of Cook County filed suit in the circuit court seeking to enjoin defendants from maintaining and operating an alleged public nuisance in the form of a business known as the Route 53 Drive-In located outside of Palatine, Illinois. The complaint alleged that "[f]rom time to time these defendants exhibit and show motion pictures on an outdoor screen which depict the performance of acts, or simulated acts, of sexual intercourse, masterbation [sic], oral copulation and other sexual acts. Said motion pictures depict the actual or simulated touching, caressing or fondling of the breast, buttocks, anus or genitals and depict the actual or simulated displaying of the breasts, buttocks, pubic hair, anus, vulva or genitals." It was also alleged that the outdoor movie screen is visible from public areas in the vicinity, that there are residential areas in close proximity to the drive-in, and that persons driving on Route 12 near Route 53 can view the motion pictures being shown at the drive-in. It was further alleged that the exhibition of films containing such scenes has the effect of stopping traffic on nearby public highways, and that their continued display constituted a public nuisance and was injurious to the public health and welfare of all minor persons, neighboring citizens and other citizens who have occasion to be in the vicinity. The complaint had attached affidavits of a State's Attorney's investigator and a motorist, both of whom later testified at trial, and of the motorist's wife.

The State's motion for a temporary restraining order was denied, and thereafter a hearing was held on its motion for preliminary and permanent injunctions, at which two witnesses testified on behalf of the State. The motorist testified that as he and his family drove on the highway past defendants' theater, his grade-school son directed his attention to the outdoor movie screen which showed a nude male with his mouth near the genitals of a nude female as he caressed her breasts. The investigator from the State's Attorney's office also testified that he viewed four films on two different occasions from outside the premises of the drive-in theater. He stated that two of the films contained scenes of sexual intercourse and the fondling of breasts and buttocks, that one of these films also contained a scene of masturbation, and that the other two films contained "similar conduct." The investigator stated that the films were clearly visible from nearby residences and highways, and that one night he observed that at least two cars pulled off the road and into a parking lot, and that on another night one or two cars at a given time (for a total of 12 or 15 all evening) pulled off onto the shoulders of the highway and that their occupants were facing the movie screen.

No other witnesses were called, and at the conclusion of the hearing an

order was entered by the circuit court ruling that the manner in which defendants conduct their business is a public nuisance and that "[a] preliminary injunction will enter enjoining the defendants from further exhibiting motion pictures as described in the complaint in such a manner as to be viewable from nearby residences and the public highways." A stay pending appeal was denied. An injunction writ was issued on December 2, 1975, enjoining defendants from exhibiting "motion pictures depicting the performance of acts, or simulated acts of sexual intercourse, masterbation [sic], oral copulation and other sexual acts including the actual or simulated touching, caressing or fondling of the breasts, buttocks, anus or genitals, or depicting the actual or simulated displaying of the breasts, buttocks, public hair [sic], anus, vulva or genitals in such a manner as to be viewable from private residences and public highways in the area of the Route 53 Drive-In at or near Palatine, Illinois."

Defendants argue that the evidence was insufficient to establish the existence of a nuisance, in that there was no evidence presented of a traffic tie-up or that the film was viewed by an unwilling viewer from any residence in the area. Defendants further contend that the injunction is an unconstitutional prior restraint of their First Amendment rights. The State argues, however, that the gist of the action is public nuisance and not obscenity; moreover, that the matter comes within an exception to the "no prior restraint rule" because the competing right to privacy of individuals in the area of defendants' enterprise is involved.

We find it unnecessary to consider the question of prior restraint, since a court will not pass upon a constitutional dispute if the case can be decided without doing so. *People ex rel. Scott v. Briceland* (1976), ___ Ill. 2d. ___, ___ N.E.2d ___; *Commissioners of Drainage District No. 5 v. Arnold* (1943), 383 Ill. 498, 50 N.E.2d 825.

■■■ In the case at bar we find that the evidence was insufficient to establish the existence of a public nuisance. One motorist testified that his children pointed out the depictions on the screen to him, and that he did not approve of the films for himself or his children. Although an investigator from the State's Attorney's office testified that one or two cars at a time pulled off the road near the theater, there was no evidence of traffic congestion. Moreover, it has recently been held that an ordinance enjoining the showing of nude scenes at a drive-in theater may be stricken as underinclusive if its basis is traffic regulation, since other forms of physical activity on the screen could also distract a motorist. (*Erznoznik v. City of Jacksonville* (1975), 422 U.S. 205, 45 L. Ed. 2d 125, 95 S. Ct. 2268.) Further, the only evidence presented concerning area residences was the investigator's testimony that the films were visible from nearby residences. The State here seeks to enjoin as a *public* nuisance an alleged invasion of the right to *privacy* of nearby residents. It is well established

that the mere fact that a nuisance may have injured a number of persons does not make it a public nuisance, where the injury is to a private right and not to the public generally. (See 58 Am. Jur. 2d *Nuisances* §10 (1971).) It has been said that "[a] private nuisance is one that affects a single individual or a determinate number of persons in the enjoyment of some private right not common to the public. * * * The distinction between public and private nuisances lies in the difference of the rights affected thereby. A nuisance is public because of the danger or injury to the public." (*Edelman Bros. v. Baikoff* (1934), 277 Ill. App. 432, 441.) We conclude that the trial court's finding of a public nuisance is contrary to the manifest weight of the evidence.

■■ We further note that in the instant case the State did not seek judicial review of any specific film; rather, it sought a sanction against the showing of certain movie scenes, regardless of the content of the film as a whole, so as to be viewable from nearby highways and residences. Although the State argues that its action is based in nuisance law and not in the law of obscenity, it is noteworthy that the various scenes sought to be enjoined are of the nature of those which have been the subject of obscenity cases. (See, *e.g., Miller v. California* (1973), 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607.) We are left with the inescapable conclusion that in the instant case the focus of attack is "obscenity," and the question arises as to the propriety of the method of attack. We find no statutory basis for the abatement of obscenity as a nuisance. (See *People v. Movies, Inc.* (1971), 49 Ill. 2d 85, 273 N.E.2d 366.) Although the State here has proceeded on the theory of common law nuisance, the parameters of the law of nuisance insofar as it may be used to enforce the law of obscenity is a matter for the legislature to determine. *People v. Goldman* (1972), 7 Ill. App. 3d 253, 287 N.E.2d 177, 58 A.L.R.3d 1128.

For the foregoing reasons, the order of the circuit court of Cook County is reversed.

Reversed.

McNAMARA, P. J., and McGLOON, J., concur.