THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EDDIE LEE MARTIN, Defendant-Appellant.

Fourth District   No. 4—83—0146

Opinion filed December 22, 1983.

G. Ronald Kesinger, of Jacksonville, for appellant.

John F. Dahlem, State's Attorney, of Virginia, for the People.

JUSTICE TRAPP delivered the opinion of the court:

Pursuant to a plea agreement, defendant was sentenced to three years' imprisonment in Cass County case Nos. 82-CF-38 and 82-CF-39, the sentences to run concurrently with the five-year sentence imposed upon revocation of his probation in Cass County case No. 81-CF-75. Defendant had posted $500 cash bail in each of the aforementioned cases. Defendant subsequently assigned his interest in the bail in case Nos. 82-CF-38 and 82-CF-39 to attorney G. Ronald Kesinger in consideration for Kesinger's promise to represent and defend him in the circuit court of Cass County for the crimes with which he was charged. Following sentencing in these cases, defendant filed a motion for return of the bail monies in case Nos. 82-CF-38 and 82-CF-39, $1,000 less $274.20 (10% and court costs), to his attorney per the previously filed assignment. Following a hearing on the motion, Judge Lipe took the matter under advisement and thereafter filed a memorandum of opinion denying the motion and directing the clerk of the court to apply the bail monies to satisfy the restitution ordered in case No. 81-CF-75 before releasing any funds to defendant's assignee. Defendant appeals the judgment of the circuit court of Cass County. We reverse.

The question presented is whether when a defendant is sentenced to a term of imprisonment the trial court may order the application of bail money in that case to satisfy an order of restitution in a separate case.

At the hearing on the motion for return of bail money, the State's Attorney declined to take a position but stated that the clerk of the court felt the bail money should be applied to restitution in case No. 81-CF-75 prior to being returned to defendant or his assignee. Defense counsel argued that these bail monies should not be subject to

the restitution order in case No. 81-CF-75. The court took the matter under advisement. In the memorandum of opinion subsequently filed, the court considered the motion as requiring that a choice be made between withholding available cash from either a crime victim, as restitution, or an attorney, for services rendered. The judge reasoned that (1) the restitution in case No. 81-CF-75 was ordered prior to the disposition in case Nos. 82-CF-38 and 82-CF-39; (2) since attorney Kesinger represented defendant in these three cases and in negotiating a plea in Schuyler County case No. 81-CF-16, wherein a two-year sentence was negotiated to run concurrently with all other sentences imposed, counsel was or should have been aware of both the restitution order in case No. 81-CF-75 and the financial condition of his client before accepting the cases; and (3) that counsel could have protected himself from the dilemma by refusing to accept employment, whereas the victim of the crime had been unable to protect himself from defendant's criminal act. The judge concluded that defense counsel, as assignee, should be paid for his services but would have to rely upon the incarcerated defendant to pay him when funds became available.

■ Defendant contends that the language of section 110—7(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 110—7(f)) should not be construed so expansively as to allow a trial court to order the application of bail monies, after costs and any fine in the case for which security was posted, to fulfill defendant's obligations in other cases. Section 110—7(f) provides:

> "When the conditions of the bail bond have been performed and the accused has been discharged from all obligations *in the cause* the clerk of the court shall return to the accused, *unless the court orders otherwise,* 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 110—7(f).)

We agree that the statute should not be given such an expansive construction. Upon consideration of section 110—7 concerning the deposit of bail security in its entirety, we hold that the trial court's authority to order deductions from the bail monies is limited to those obligations arising in the case for which the bail was posted as security.

■ The decision in *People v. Dorsey* (1982), 109 Ill. App. 3d 218, 440 N.E.2d 394, cited by the trial court, does not mandate a contrary result. In *Dorsey,* the defendant complained that an injunction entered by the domestic relations division of the circuit court against returning to him the money posted as bail on these and other criminal charges operated to deny him his right to counsel of his choice. He

contended that the domestic relations division was without authority to enter this particular order enjoining the return of his bail bond deposits to protect the interest of a private party. Although defendant was represented by counsel in the marriage dissolution proceedings, no interlocutory appeal was taken from the injunction against returning the bail posted to him. The court found that defendant erred in his apparent assumption that by making a bail bond deposit he in effect created a fund for the payment of his legal fees; since there was an actual dispute about the ownership of the funds posted as security, the appropriate disposition of the money enjoined was an issue to be determined by the court in the dissolution proceedings and that court's injunction was properly issued to preserve the disputed property *pendente lite*. The court found that the trial judge in defendant's criminal cases correctly ruled that he lacked authority to vacate an effective order of another branch of the court. The procedural facts in *Dorsey* distinguished the bail bond question therein from that presented in this appeal.

Reversed.

GREEN and MILLER, JJ., concur.