No. 84–5811. GACY *v.* ILLINOIS. Sup. Ct. Ill. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

---

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Supreme Court of Illinois insofar as that judgment leaves petitioner's death sentence undisturbed. *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting). However, even if I believed that the death penalty could constitutionally be imposed under certain circumstances, I would grant certiorari and vacate the death sentence imposed here.

The petitioner challenges two aspects of the Illinois capital sentencing scheme, each of which poses a serious constitutional question. First, after a sentencing jury has found one or more aggravating factors, the statute imposes on the defendant the burden of adducing mitigating evidence "sufficient to preclude the imposition" of the death penalty. Ill. Rev. Stat., ch. 38, ¶ 9–1(g) (Supp. 1984). The statute thereby places on the defendant the burden of proving that death is not appropriate in his particular case. As I have stated before in reference to this statute, I do not read our precedents as permitting a defendant to bear the risk of persuading a jury that his life should be spared. See *Jones* v. *Illinois,* 464 U. S. 920 (1983) (MARSHALL, J., dissenting from denial of certiorari).

Second, the Illinois statute places the decision on whether to convene a death hearing solely in the hands of the individual Illinois prosecutor. Ill. Rev. Stat., ch. 38, ¶ 9–1(d) (Supp. 1984). As a result, it vests in the prosecutor the unlimited and unguided discretion to select, among potential capital defendants, those who may be subject to the death penalty. The statute thereby introduces into the sentencing phase of trial—a phase in which our precedents require that discretion be carefully guided—an element of completely unbridled discretion, and it invites irrational and arbitrary decisionmaking. See *Eddmonds* v. *Illinois,* 469 U. S. 894, 895 (1984) (MARSHALL, J., dissenting from denial of certiorari). Because I continue to believe that this Court should consider both of these issues, I respectfully dissent from the Court's denial of certiorari in this case.