THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TROY OWENS, Defendant-Appellant.

Fourth District   No. 4—87—0843

Opinion filed September 1, 1988.

Daniel D. Yuhas and Richard D. Frazier, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and J. A. C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant's term of periodic imprisonment was revoked (Ill. Rev. Stat. 1987, ch. 38, par. 1005—7—2) and he was sentenced to a term of six years' imprisonment. Defendant appeals from the judgment of the circuit court of Vermilion County, arguing (1) the trial court erred in ordering the bond money applied to payment of the remaining fine; and (2) he is entitled to 263 days' credit against his sentence, rather than 261 days' credit as reflected in the mittimus.

Defendant pleaded guilty to the offense of unlawful delivery of a

controlled substance (LSD) (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(7)) and, in October 1986, was sentenced to a term of four years' periodic imprisonment and ordered to pay a $5,000 fine. The $2,000 cash bond posted April 16, 1985, was applied against court costs and the $5,000 fine, leaving $3,310 owing on the fine.

On May 4, 1987, a petition to revoke defendant's periodic imprisonment was filed, alleging defendant had committed the offense of theft over $300 by taking a motorcycle. Over the State's objection, defendant was released on $10,000 recognizance bond during his employment hours. On May 27, 1987, a petition to revoke defendant's bond was filed, alleging defendant had fled the Vermilion County work release program pending the revocation hearing and had not returned to the Public Safety Building since May 25, 1987. On May 28, 1987, the motion to revoke bond was allowed and a warrant was issued, with bond set at $20,000. On August 19, 1987, defendant appeared after service of the warrant and $2,000 bond was posted. On September 9, 1987, an amended petition to revoke defendant's periodic imprisonment was filed, alleging theft of the motorcycle and defendant's failure to return to periodic imprisonment, after release for work purposes, until he was returned from Arizona in August 1987. After hearing in September 1987, the court found these allegations of the amended petition proved. In October 1987, defendant was sentenced to a term of six years' imprisonment, with credit for 261 days previously served.

In November 1987, defendant moved for disposition of the $2,000 bail bond posted in August 1987. At hearing, defendant's mother testified she borrowed money from a bank to post defendant's bond, has three other children at home and holds no substantial assets of her own in her name. The trial court found it was without authority to return any portion of the bond posted and directed the bond applied to court costs and the outstanding fine against the defendant. This appeal followed.

Defendant first argues the trial court erred in ordering application of the bond money against the fine previously imposed in that the forfeiture language of section 110—7 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 110—7) is not mandatory and, therefore, the trial court erred in concluding it was without discretion to return the bail deposit to defendant's mother. Second, defendant argues that even if section 110—7 of the Code is mandatory, the court erred in mandating the $2,000 bond deposited in August 1987, while the petition to revoke periodic imprisonment was pending, forfeited to satisfy the fine imposed in October 1986 when

defendant was sentenced to periodic imprisonment, maintaining subsection (h) forfeiture only applies when defendant posts the bond and is *thereafter* convicted and fined.

In *People v. Nicholls* (1978), 71 Ill. 2d 166, 177, 374 N.E.2d 194, 198-99, the supreme court stated:

> "We need not decide whether or not there is a conclusive presumption that the bail deposited under this section of the Act belongs to the defendant. Section 110—7, which provides for the deposit of 10% of the bail in subparagraph (a), provides in subparagraph (h):
>
> > 'After a judgment for a fine and court costs or either is entered in the prosecution of a cause in which a deposit had been made in accordance with subsection (a) the balance of such deposit, after deduction of bail bond costs, shall be applied *to the payment of the judgment.*' (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 38, par. 110—7(h).)
>
> Thus, under this section the deposit of 10% of the bail is not only for the purpose of ensuring defendant's presence in court at an appointed time but also constitutes a fund from which a judgment for fine and costs against the defendant may be satisfied without the necessity of having an execution issue and a levy made upon the deposit, regardless of whose money was deposited. Whether or not the cash received as bail is actually the property of the defendant is irrelevant."

(See also *People v. Foreman* (1987), 153 Ill. App. 3d 346, 359-60, 505 N.E.2d 731, 739, *appeal denied* (1987), 115 Ill. 2d 545, 511 N.E.2d 432, *cert. denied* (1987), 484 U.S. 854, 98 L. Ed. 2d 115, 108 S. Ct. 160 (rejecting argument that $7,000 bail deposit, provided by defendant's uncle, should have been returned to the uncle and not used toward payment of defendant's $100,000 fine).) Defendant maintains *Nicholls* held that a trial court *may* apply a defendant's cash bail deposit to satisfy the judgment of a fine thereafter imposed upon defendant, not that such application is mandatory.

Section 110—7(h) provides:

> "After a judgment for a fine and court costs or either is entered in the prosecution of a cause in which a deposit had been made in accordance with paragraph (a) the balance of such deposit, after deduction of the bail bond costs, *shall be applied* to the payment of the judgment." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 110—7(h).)

Defendant maintains the language of subsection (h) is directory, rather than mandatory. In support of this argument, defendant relies on the

terms of sections 5—9—1 and 5—9—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—9—1, 1005—9—2), pertaining to determining the amount of the fine and method of payment, and authorizing revocation of a fine or unpaid portion thereof and revocation of the method of payment; as well as the terms of section 411.1 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1411.1), pertaining to determining whether to impose fines under the Act and the amount of the fine and time and method of payment. Defendant further relies on the decision in *People v. Maya* (1985), 105 Ill. 2d 281, 473 N.E.2d 1287, wherein the court held the term "shall" in section 110—7(g) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 110—7(g)) should be given directory, rather than mandatory, meaning so as to reconcile its terms with those of section 115—4.1(a) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(a)).

The fine imposed in this cause was ordered in October 1986; judgment had been entered ordering payment of the fine before the petition to revoke periodic imprisonment was filed herein and the bond at issue was paid. A petition to revoke periodic imprisonment is clearly an extension of the cause in which the order imposing the fine was entered. Accordingly, insofar as any portion of the fine imposed in October 1986 remained owing, there was a judgment within the meaning of section 110—7(h). Although the legislature has made bond deposits the subject of more than one enactment, the provisions cited in the appeal raise no conflict to be reconciled, hence the terms of section 110—7(h) are mandatory. Indeed, one of the statutory purposes is, as stated in *Nicholls*, to constitute "a fund from which a judgment for fine and costs against the defendant may be satisfied without the necessity of having an execution issue and a levy made upon the deposit, regardless of whose money was deposited." *Nicholls*, 71 Ill. 2d at 177, 374 N.E.2d at 198.

As pointed out by the State, section 110—7(h) specifically applies to the application of the bail deposit, and not to determining and imposing fines generally. In the event of conflict between statutory provisions, a specific statute governs over a general one. (*Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 120 N.E.2d 15, *cert. denied* (1954), 348 U.S. 857, 99 L. Ed. 675, 75 S. Ct. 81.) Section 110—7(h) must therefore prevail. *Maya* is inapposite since there the court was concerned with giving effect to the terms of both sections 110—7(h) *and* 115—4.1(a) of the Code. Accordingly, *Maya* held the trial court had discretion, under section 115—4.1(a), to award reasonable attorney fees to defense counsel, in order to ensure that an accused's right to the assistance of counsel is honored when a defendant wilfully and

without justification absented himself from trial; and the trial court was then permitted, under section 110—7(h), to forfeit to the State the entire amount of bond deposits, less costs, remaining after the allowance of attorney fees. No similar compelling constitutional interest is raised in this case.

While the courts are not unsympathetic to the circumstances of third parties, such as defendant's mother in this case, the statutory scheme does not direct the judiciary to conduct hearings to consider or determine the interest of defendants or interested third parties in bail bond deposits at each juncture in a proceeding when such issue may become ripe for determination. Section 113—3.1(c) of the Code, providing for recoupment of the costs of court-appointed counsel, states "[t]he court may give special consideration to the interests of relatives or other third parties who may have posted a money bond on the behalf of the defendant to secure his release." (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1(c).) If the legislature had intended a similar result to adhere to all bond deposits, it could have enacted legislation to that effect. We decline to engraft such a requirement upon the statutory language.

Defendant further argues that even if section 110—7 is deemed mandatory, it does not mandate the bail at issue, deposited in August 1987, be forfeited to satisfy the fine imposed in October 1986, *i.e.*, since the bond at issue was not deposited *prior* to the issuance of the order directing payment of the fine, the language of subparagraph (h) does not apply. Instead, according to defendant, subsection (f) applies and affords the trial court broad discretion in determining whether the bond should be refunded to the depositor.

■ We disagree. The language of section 110—7 is plain and the terms of its subsections need not be stretched to permit of interpretation. Subsection (a) provides: "The person for whom bail has been set shall execute the bail bond and deposit with the clerk of the court before which the proceeding is pending a sum of money equal to 10% of the bail ***." (Ill. Rev. Stat. 1987, ch. 38, par. 110—7(a).) Subsection (f) provides:

> "When the conditions of the bail bond have been performed and the accused has been discharged from *all obligations in the cause* the clerk of the court shall return to the accused, unless the court orders otherwise, 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 110—7(f).)

Defendant had not been discharged from "all obligations in the

cause" within the meaning of subsection (f), and the terms of subsection (h) dictated application of the bond to the remaining fine.

Defendant draws on the reasoning of *People v. Martin* (1983), 120 Ill. App. 3d 581, 457 N.E.2d 1372, wherein this court held a trial court may not apply a defendant's bail deposit to satisfy an order of restitution in a *separate case*. Here, defendant was ordered to pay a $5,000 fine in Vermilion County case No. 85—CF—33; the petition to revoke periodic imprisonment was filed in Vermilion County case No. 85—CF—33, and the bond money at issue was posted in the same case number. This is not a separate cause, but an extension of the very case in which the fine was ordered. Accordingly, we find no error in the circuit court's order directing the $2,000 bond posted to be applied to the court costs and fine against defendant.

Defendant also argues he is entitled to 263 days' sentence credit, as shown by the presentence report, rather than 261 days' credit as reflected in the mittimus. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b).) Defendant served six days in custody prior to his initial release on bond on April 16, 1985; 225 days in the Vermilion County Public Safety Building during the term of periodic imprisonment between October 13, 1986, until May 25, 1987; and an additional 32 days' imprisonment between July 19, 1987, and August 19, 1987, when he was released on bond. The State concedes defendant is entitled to 263 days' sentence credit for time spent in custody in this cause.

Accordingly, the judgment of the circuit court of Vermilion County is affirmed, with the cause remanded with directions that defendant receive sentence credit of 263 days for time spent in custody.

Affirmed and remanded.

GREEN, P.J., and KNECHT, J., concur.