THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK MARKOVICH, Defendant-Appellant.

Fifth District   No. 5—88—0386

Opinion filed March 26, 1990.

1000

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Mark Markovich, was found guilty of violation of bail bond (Ill. Rev. Stat. 1987, ch. 38, par. 32—10) in a bench trial. He was sentenced to one year of conditional discharge, a fine of $500 plus costs, and restitution in the amount of $658.75. Defendant appeals his conviction, alleging that the sentencing provision under the violation of bail bond statute is unconstitutional, and that the trial court abused its discretion in imposing a $500 fine, or in the alternative, that defendant is entitled to a $100 credit toward his fine because he spent 20 days in jail prior to his release on bond.

The record shows that defendant was charged with two counts of criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—13), and two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14), which are Class 1 and Class X felonies, respectively. Defendant was admitted to bail on the charges on October 3, 1986, for appearance in circuit court on January 5, 1987. Defendant failed to surrender himself within 30 days following his appearance date, forfeited his bail and was thereafter arrested and charged with violation of bail bond. It is defendant's conviction on the charge of violation of bail bond which is the subject of this appeal.

■■ The State contends at the outset that defendant lacks standing to raise this issue since defendant received only a one-year term of conditional discharge and is, therefore, unaffected by the alleged unconstitutional provision. A party has standing to challenge the constitutionality of a statutory provision if he is directly affected as one "within the class aggrieved by the alleged unconstitutionality." (*People v. Mayberry* (1976), 63 Ill. 2d 1, 6, 345 N.E.2d 97, 100, *cert. denied* (1976), 429 U.S. 828, 50 L. Ed. 2d 92, 97 S. Ct. 87; *People v. Wagner* (1982), 89 Ill. 2d 308, 311, 433 N.E.2d 267, 269.) Although defendant received a term of conditional discharge, he was subject to the sentencing scheme of section 32—10 and was convicted of a Class 1 felony. He clearly has standing to challenge the validity of the statute.

Defendant contests the constitutionality of the sentencing provision of the violation of bail bond statute, which reads:

"Violation of bail bond. Whoever, having been admitted to bail for appearance before any court of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits, if the bail was given in connection with a charge of felony or pending appeal or certiorari after conviction of any offense, a felony of the next lower Class or a Class A misdemeanor if the underlying offense was a Class 4 felony; or, if the bail was given in connection with a charge of committing a misdemeanor, or for appearance as a witness, commits a misdemeanor of the next lower Class, but not less than a Class C misdemeanor." (Ill. Rev. Stat. 1987, ch. 38, par. 32—10.)

Defendant argues that the sentencing scheme of section 32—10 punishes the failure of a defendant to appear in court more severely than it does much more serious crimes. Defendant refers, for example, to the crime of escape from a penal institution by a person convicted of a felony (Ill. Rev. Stat. 1987, ch. 38, par. 31—6(a)), which is a Class 2 felony. Defendant contends that a person convicted of a violation of section 31—6(a) can never be charged with more than a Class 2 felony, while a person convicted of violation of bail bond can be found guilty of a Class X felony, depending on what the underlying offense is. This, defendant argues, is disproportionate sentencing and an unconstitutional violation of due process.

Defendant cites *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, in support of his contention that the alleged sentencing disparity of section 32—10 results in a denial of due process. In *Bradley* the Illinois Supreme Court reversed the conviction of several

defendants for possession of a schedule IV controlled substance because that offense (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)) was classified as a Class 3 felony, whereas delivery of·the same schedule controlled substance was only a Class 4 felony. The supreme court reasoned that the greater sentence for possession constituted a denial of due process. The court premised its reasoning on the legislature's intent as expressed in the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1100) not to treat the unlawful user with the same severity as the traffickers of controlled substances.

■ Unlike the sentencing scheme in *Bradley,* the sentencing provision at issue does not violate any express legislative purpose. On the contrary, the legislative history of section 32—10 illustrates that the purpose behind the act is to "increase the penalties because the penalties \*\*\* should be more severe for bond jumping of more severe penalties." (82d Ill. Gen. Assem., House Proceedings, March 18, 1981, at 9 (statements of Representative Cullerton on third reading of House Bill 149).) The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same. (*Tigner v. State of Texas* (1940), 310 U.S. 141, 147, 84 L. Ed. 1124, 1128, 60 S. Ct. 879, 882.) The legislature apparently did not regard the threat which escapees pose to be the same as the threat posed by persons who violate bail. Because it is easier for a person on bail to forfeit bail and refuse to appear than a person who is incarcerated to escape, the legislature may have reasonably determined that deterrence of the former crime calls for a greater penalty.

■ In view of the foregoing we cannot say that the legislature did not act rationally when it imposed the sentencing scheme under section 32—10, and we hold that the sentencing scheme of section 32—10 does not violate the due process guarantees of the United States and Illinois Constitutions.

Defendant was initially admitted to bail on charges of Class 1 and Class X felonies. At the sentencing hearing the court considered defendant's violation of section 32—10 a Class 1 felony. It is urged by defendant that his conviction should be reduced to a Class 2 felony. Defendant insists that section 32—10 is capable of two constructions since, as in the instant case where defendant was charged with two crimes, it is unclear under the violation of bail statute which underlying offense determines the classification of the bail violation crime. Defendant argues that since a criminal statute should be strictly construed in favor of the accused (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 370, 357 N.E.2d 1180, 1182), that construction which finds defendant guilty of a Class 2 felony should be adopted.

■■ ■ "The cardinal rule of all statutory construction, to which other rules are subordinate, is that the true intent and meaning of the legislature must be ascertained and given effect. [Citation.] The language used in a statute is the primary source for determining this intent, and where that language is certain and unambiguous, the proper function of the courts is to enforce the statute as enacted." (*General Motors Corp. v. Industrial Comm'n* (1975), 62 Ill. 2d 106, 112, 338 N.E.2d 561, 564.) The clear and obvious meaning of the statutory provision defendant refers to is that the defendant who violates his bail under section 32—10 "commits, if the bail was given in connection with a charge of felony \*\*\* a felony of the next lower Class." (Ill. Rev. Stat. 1987, ch. 38, par. 32—10.) Here the defendant's bail was given in connection with charges of both a Class X and a Class 1 felony. The statute is absent any condition or limitation that where there are multiple underlying charges, the court is bound to charge the defendant with a felony of the next lower class of the lesser offense. The legislative intent should be sought primarily from the language used in the statute. Where the language of the act is certain and unambiguous, the only legitimate function of the courts is to enforce the law as enacted. (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84, 256 N.E.2d 758, 764.) We, therefore, hold that the circuit court acted permissibly in imposing sentence on the next lower class felony of the underlying Class X felony.

■■ Defendant next argues on appeal that the trial court abused its discretion in imposing a $500 fine to be paid out of defendant's bail bond deposit. Defendant claims error in that the court did not consider that a third party had posted the bail and did not consider the financial resources and future ability of defendant to pay the fine. At the sentencing hearing defendant testified that his grandmother posted his $2,000 bond. He further testified that he has not been able to repay his grandmother any portion of the money. Other than defendant's testimony, the record does not indicate that in sentencing the defendant the court took into consideration that the bond money had been posted by a third party. While the courts are not unsympathetic to the circumstances of third parties, such as defendant's grandmother in this case, the statutory scheme does not direct the judiciary to conduct hearings to consider or determine the interest of defendants or interested third parties in bail bond deposits. (*People v. Owens* (1988), 174 Ill. App. 3d 156, 161, 528 N.E.2d 446, 448.) Under Illinois law, bail posted under the 10% deposit provision (Ill. Rev. Stat. 1987, ch. 38, par. 110—7) is conclusively presumed to be posted by the defendant and can be used to pay fines despite third-party

claims on the funds. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 177, 374 N.E.2d 194.) Although we find no error where the trial court in sentencing defendant presumably failed to consider that a third party had posted defendant's bail, this is not to say that no error was committed by the court in failing to consider this fact in determining defendant's financial ability to pay the fine.

The State relies on *People v. Nicholls* in arguing that defendant's financial ability to pay a fine is irrelevant where a cash bond has been posted and is sufficient to cover such fine. In *Nicholls* our supreme court interpreted section 110—7(h) to allow cash bail deposits to be used to pay the costs of an unsuccessful appeal. The court stated that whether or not the cash received as bail is actually the property of the defendant is irrelevant. Contrary to the State's argument, the *Nicholls* court did not hold that where a cash bail is deposited on behalf of a defendant, the trial court is free to disregard the defendant's financial ability to pay a fine. Section 5—9—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1(d)) provides that "[i]n determining the amount and method of payment of a fine, the court shall consider the financial resources and future ability of the offender to pay the fine." The intention of the legislature in enacting section 5—9—1(d) would be contravened if the trial court failed to consider defendant's financial ability to pay a fine simply because a cash bond was deposited. The State argues that the court did consider the defendant's financial resources and future ability to pay the fine when it considered defendant's presentence investigation report. The State contends that, based on the report and the defendant's testimony at the sentencing hearing, the trial court did not abuse its discretion in imposing the fine.

The presentence investigation report indicates that defendant is a high school graduate and currently attends college, where he is pursuing an associate's degree in data processing. Defendant's education is being financed by a job training program of Illinois. The report further shows that defendant is 32 years of age, he lives with his grandmother and has never been married. Defendant receives general assistance of $144 per month and has no checking or savings accounts. Although currently unemployed, defendant states in the report that he worked for Penn Aluminum from 1984 to 1986 earning $7.85 an hour. He states that he worked from 1978 to 1984 as a construction worker. The report listed defendant's assets as consisting of a 1973 Plymouth station wagon. Defendant's only liability is a $900 bank loan.

Section 5—9—1, under which defendant was fined, creates

no presumption that defendant has the financial ability to pay and requires the court to inquire into a defendant's actual ability to pay before imposing a fine. (*People v. Gaines* (1982), 104 Ill. App. 3d 974, 980, 433 N.E.2d 970, 974.) We recognize that a trial judge need not specifically state that the defendant was determined to have the financial resources and ability to pay a fine and that such a finding is implicit in the imposition of a fine where the judge is aware of the facts which support such a determination. (*People v. Miller* (1983), 120 Ill. App. 3d 495, 504-05, 457 N.E.2d 1373, 1381; *People v. Jumper* (1983), 113 Ill. App. 3d 346, 353, 447 N.E.2d 531, 536; *People v. Bishop* (1980), 81 Ill. App. 3d 521, 524, 401 N.E.2d 648, 650.) We believe that the facts before the trial court were sufficient to support a finding that defendant had the financial ability to pay a $500 fine. Accordingly, we find no error in the circuit court's order directing the $2,000 bond posted to be applied to the fine against defendant.

■ Subsequent to sentencing, defendant filed a corrected petition for appointment of State Appellate Defender. In addition to the assets and liabilities listed in the presentence investigation report, this petition shows defendant's assets as including a 1947 Harley Davidson motorcycle valued at $500, and also listed defendant as a recipient of public aid in the amount of $87 per month. Liabilities listed included a $3,000 debt to defendant's grandmother and a $5,000 debt to defendant's parents for amounts borrowed to pay for legal expenses connected with this cause.

Defendant's argument on appeal assumes that the trial court considered these assets and liabilities in determining defendant's financial ability to pay the fine. The State argues that since the corrected petition for appointment of appellate defender was filed after sentence was imposed, it was not considered by the trial court and should not be considered on appeal. Defendant failed to object to the court imposing sentence without having notice of the assets and liabilities shown in the petition. Defects in a presentence investigation report may be waived. (*People v. Gacy* (1984), 103 Ill. 2d 1, 107, 468 N.E.2d 1171, 1218, *cert. denied* (1985), 470 U.S. 1037, 84 L. Ed. 2d 799, 105 S. Ct. 1410; *People v. Meeks* (1980), 81 Ill. 2d 524, 533, 411 N.E.2d 9, 14.) We find defendant has waived consideration of the alleged deficiency of the presentence investigation report.

■ Defendant finally argues that he is entitled to a $100 credit toward his fine because he spent 20 days in jail prior to his release on bond. The State concedes the validity of defendant's argument. Defendant's arrest warrant for violation of bail bond indicates it was served on June 3, 1987. On June 22, 1987, defendant posted bond. We

conclude that pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 110—14), defendant is entitled to a $100 credit toward his fine. *People v. Johns* (1984), 130 Ill. App. 3d 548, 474 N.E.2d 739.

The judgment of the circuit court of Williamson County is affirmed and the cause remanded with directions as stated in this opinion.

Affirmed and remanded with directions.

LEWIS, P.J., and RARICK, J., concur.