THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES A. DURBIN, a/k/a Tony Durbin, Defendant-Appellant.

Fifth District No. 5—89—0811

Opinion filed March 13, 1991.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael Kiley, State's Attorney, of Shelbyville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, James Durbin, was charged in the circuit court of Shelby County with unlawful delivery of a controlled substance. He pleaded guilty and was sentenced to three years' imprisonment and ordered to pay restitution of $440 to the Village of Moweaqua and $140 to the Illinois State Police. The $440 was expended by the Village of Moweaqua to fund the confidential source who made several controlled buys from Durbin in order to gain his trust and confidence. The $140, provided by the State Police, was used to make the buy which resulted in the present charge. Additionally, $60 Durbin had in his possession when his home was searched was ordered forfeited to the State. On appeal, Durbin argues that the trial court erred in ordering him to make restitution to the Illinois State Police and the Village of Moweaqua, and in ordering the $60 forfeited to the State. Specifically, he maintains that the Village of Moweaqua and the Illinois State Police were not "victims" within the meaning of the restitution statute and that property forfeiture is not a permissible sentencing alternative.

Initially we note, as the State points out, that Durbin did not advance either of these arguments in his Rule 604(d) motion to withdraw his guilty plea. Rule 604(d) provides that "any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." (107 Ill. 2d R. 604(d).) Our supreme court stated emphatically that rules such as Rule 604(d) "are in fact rules of procedure and not suggestions" and must be adhered to. (*People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 220-21.) In *Wilk*, our supreme court indicated that a Rule 604(d) motion to withdraw a guilty plea was not necessary where a defendant was appealing only his sentence. (*Wilk*, 124 Ill. 2d at 109-10, 529 N.E.2d at 224.) In *People v. Favelli* (1988), 176 Ill. App. 3d 618, 623,

531 N.E.2d 386, 389, the Second District of the Appellate Court held that while a Rule 604(d) motion to withdraw a guilty plea was not a prerequisite for an appeal which only challenged the sentence, the language of Rule 604(d) nevertheless required such a defendant to file a motion to reconsider the sentence as a condition precedent to an appeal. The *Favelli* court noted that the defendants in *Wilk* had filed motions to reconsider prior to seeking an appeal, thus preserving the purpose and spirit of Rule 604(d) by giving the trial court an opportunity to correct any error in sentencing. *Favelli* was followed in the subsequent cases of *People v. Carroll* (1990), 195 Ill. App. 3d 445, 552 N.E.2d 361, and *People v. Fern* (1990), 199 Ill. App. 3d 983, 557 N.E.2d 1011; but see *People v. Smith* (1990), 198 Ill. App. 3d 695, 556 N.E.2d 307. We believe the *Favelli* court's interpretation of Rule 604(d) in light of *Wilk* to be correct. Durbin's argument regarding the court's order of restitution was not advanced in his motion to reconsider his sentence. Pursuant to *Wilk* and *Favelli*, it is therefore waived.

 Regarding the argument that the trial court erred in ordering that the $60 seized by the police during the search of his home be forfeited to the State, Durbin contends that property forfeiture is not a permissible sentencing alternative under section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3). The State argues that Durbin also failed to advance this argument in his motion to reconsider his sentence, but a void judgment may be attacked at any time. (*People v. Sale* (1990), 195 Ill. App. 3d 160, 551 N.E.2d 1359.) Durbin acknowledges that the Cannabis Control Act (Ill. Rev. Stat. 1989, ch. 56½, par. 701 *et seq.*) provides that forfeiture proceedings may be instituted against the property of persons convicted of distributing drugs, but maintains that such forfeiture proceedings are a separate process of law and not part of the criminal proceeding. We agree. Section 12 of the Cannabis Control Act requires:

"(b) Property subject to forfeiture under this Act may be seized by the Director or any peace officer upon process issued by any court having jurisdiction over the property. Seizure by the Director or any peace officer without process may be made:

(1) If the property subject to seizure has been the subject of a prior judgment in favor of the State in a criminal proceeding or in an injunction or forfeiture proceeding based upon this Act;

(2) If there is probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

(3) In accordance with the Code of Criminal Procedure of 1963, as amended.

(c) In the event of seizure pursuant to subsection (b), proceedings under subsection (d) shall be instituted promptly.

(d) Property taken or detained under this Section shall not be subject to replevin, but is deemed to be in the custody of the Director subject only to the order and judgments of the circuit court having jurisdiction over the forfeiture proceedings." (Ill. Rev. Stat. 1989, ch. 56½, par. 712.)

The statute clearly implies that a separate proceeding be instituted. (See *People v. Apartment #16 in the Two-Story Brick Apartment Building Located at 1334 Juniper, Rantoul* (1977), 52 Ill. App. 3d 912, 916, 368 N.E.2d 787, 790.) Other cases, while not explicitly stating that separate proceedings are required, seem to implicitly acknowledge as much. (See *People v. Ziomek* (1989), 179 Ill. App. 3d 303, 534 N.E.2d 538; *In re Fifty-three Thousand Two Hundred Sixty-Three Dollars* (1987), 159 Ill. App. 3d 114, 512 N.E.2d 740; *People v. Snyder* (1977), 52 Ill. App. 3d 612, 367 N.E.2d 752 (forfeiture actions are *in rem* proceedings against property and are civil in nature).) The State cites *People v. Anderson* (1979), 74 Ill. App. 3d 363, 392 N.E.2d 938, for the proposition that separate forfeiture proceedings were unnecessary because the property in question was seized pursuant to a search warrant, *i.e.*, it was not seized "without process." In *Anderson*, the court stated that the statutory language "shall be instituted promptly" applies only to property seized "without process." (*Anderson*, 74 Ill. App. 3d at 371, 392 N.E.2d at 945.) The language in section (c), however, clearly applies to property seized both with or without process. To the extent *Anderson* indicates otherwise, we decline to follow it. Further, even in *Anderson*, the State did in fact file a motion for forfeiture. That portion of the trial court's judgment ordering the forfeiture is reversed and remanded with directions that it be vacated.

The judgment of the circuit court of Shelby County is affirmed in part, and reversed and remanded with directions in part.

Affirmed in part; reversed in part and remanded with directions.

LEWIS and WELCH, JJ., concur.