THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TROY D. HANS, Defendant-Appellant.

Fifth District   No. 5—89—0612

Opinion filed October 15, 1991.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Don Sheafor, State's Attorney, of Vandalia (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Troy D. Hans, appeals from an order of the circuit court of Fayette County sentencing him to five years in prison, ordering him to pay $135.80 in restitution, and ordering that outstanding court costs in defendant's other criminal cases be paid out of the bond defendant had posted in the instant case. In this appeal, defendant raises two issues: (1) whether the trial court erred in applying defendant's bond in the instant case to payment of court costs in defendant's other criminal cases, and (2) whether the order of restitution should be vacated because the trial court did not admonish defendant of the possibility of restitution before accepting the plea of guilty. We affirm.

Defendant was charged by information with forgery in violation of section 17—3(a)(2) of the Criminal Code of 1961 (the Code) (Ill. Rev. Stat. 1987, ch. 38, par. 17—3(a)(2)) and misdemeanor theft in violation of section 16—1(a)(1) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)). Defendant appeared in court with counsel on December 5, 1988, and pleaded guilty to forgery. By agreement of the parties, the misdemeanor theft charge was dismissed. The trial court advised defendant of the penalties he faced, namely, a prison term between 2 and 10 years and a fine of up to $10,000. The trial court did not advise defendant of the possibility of being ordered to pay restitution. On January 11, 1989, the trial court sentenced defendant to five years in prison and ordered defendant to pay restitution in the amount of $135.80. The trial court also ordered that court costs in outstanding criminal cases in which defendant had been convicted be paid out of the bond defendant had posted in the instant case. On August 25, 1989, defendant, through counsel, filed the motion for leave to with-

draw his guilty plea and for vacation of judgment. In said motion, defendant did not raise the issue that the trial court failed to advise him of the possibility that he may be ordered to pay restitution, nor did defendant raise the issue that the trial court erred in ordering defendant to pay outstanding court costs in previous cases out of the bond in the instant case. Ultimately, the trial court denied defendant's motion.

The first issue we are asked to address is whether the trial court erred in applying defendant's bond in the instant case to payment of court costs in defendant's other criminal cases. Defendant, citing *People v. Martin* (1983), 120 Ill. App. 3d 581, 457 N.E.2d 1372, argues that section 110—7(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 110—7(f)) limits the trial court's authority to order deductions from the bail money to those obligations arising in the case for which the bail was posted as security. (*Martin*, 120 Ill. App. 3d at 583, 457 N.E.2d at 1373.) The State responds that this issue is waived because defendant failed to object at the sentencing hearing to the trial court's order requiring that court costs in other cases be deducted from this bond and further failed to raise the issue in his motion to withdraw his guilty plea.

■ Supreme Court Rule 604(d) succinctly states that failure to raise an issue in the motion to withdraw a guilty plea waives that issue on appeal. (134 Ill. 2d R. 604(d); *People v. Durbin* (1991), 210 Ill. App. 3d 825, 569 N.E.2d 548; *People v. Stice* (1987), 160 Ill. App. 3d 132, 513 N.E.2d 463.) In the case at bar, defendant did not raise the issue of lack of authority of the trial court to apply the bond in the instant case to outstanding court costs in other cases. Therefore, defendant failed to preserve the point for review and the issue is waived.

Anticipating this outcome, defendant argues that failure of his counsel to raise this issue in the motion to withdraw defendant's guilty plea and vacate the judgment amounted to ineffective assistance of counsel, which would allow review of the error on appeal. We need not address this issue because we find that even if the issue had been properly preserved, we would determine that the trial court did not err in applying defendant's bond in the instant case to payment of court costs in defendant's other criminal cases.

Section 110—7(f) of the Code of Criminal Procedure of 1963 reads, in pertinent part:

"(f) When the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause the clerk of the court shall return to the ac-

cused, *unless the court orders otherwise,* 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 110—7(f).)

We believe that the phrase "unless the court orders otherwise" gives the trial court the discretion to apply the bond in one case to other financial obligations owed by defendant to the court in other cases. In our estimation, it makes no sense to refund a bond in one case when the same defendant owes money to the court because of outstanding fines or costs in other cases. In support of our decision, we note that the General Assembly amended this statute in 1989 to allow the bond deposited by or on behalf of a defendant in one case to satisfy the financial obligation of the same defendant in a different case due to a fine, court costs, restitution, or attorney fees. (See Ill. Rev. Stat. 1989, ch. 38, par. 110—7(f).) This amendment was instituted after our colleagues on the Fourth District Appellate Court narrowly interpreted section 110—7(f) of the Code of Criminal Procedure of 1963 and found that the trial court's authority to order deductions from the bond was limited to obligations arising in the case for which the bond was posted as security. (*People v. Martin* (1983), 120 Ill. App. 3d 581, 457 N.E.2d 1372.) It is clear to us that the General Assembly intended the trial court to have such discretion all along but felt compelled to clearly state its intention by the 1989 amendments. We, therefore, decline to follow *Martin* and instead give section 110—7(f) of the Code of Criminal Procedure of 1963 the expansive construction we believe was intended from its inception. We find that the trial court did not err in ordering defendant's bond in the instant case to be applied to outstanding court costs in defendant's other criminal cases.

The only other issue we are asked to consider is whether the order of restitution should be vacated because the trial court did not advise defendant of the possibility of restitution before accepting defendant's plea of guilty. Defendant argues that because he was not admonished that as part of his sentence he could be ordered to pay restitution, the restitution order must be vacated in order to bring defendant's sentence within the range of penalties of which he was advised. Again, the State responds that this issue has been waived because defendant failed to object to the propriety of the restitution order at either the sentencing hearing or in his motion to withdraw his guilty plea and vacate the judgment. We agree.

Rule 604(d) provides that "any issue not raised by the defendant in a motion to withdraw the plea of guilty and vacate the judgment

shall be deemed waived." (134 Ill. 2d R. 604(d).) Our supreme court has emphatically stated that its rules, including Rule 604(d), "are in fact rules of procedure and not suggestions" and must be adhered to. (*People v. Wilk* (1988), 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221.) Consequently, even if we found merit in defendant's argument, we are required to find the issue waived. Defendant, again anticipating the waiver outcome, again argues that failure of his counsel to raise the issue that the trial court's admonitions were inadequate constituted ineffective assistance of counsel. We disagree.

■ When challenging the quality of representation following a guilty plea, a defendant must show that the level of representation fell below an objective standard of reasonableness and that but for defense counsel's errors, there is a reasonable probability that the defendant would not have pleaded guilty and would have insisted on proceeding to trial. (*Hill v. Lockhart* (1985), 474 U.S. 52, 88 L. Ed. 2d 203, 106 S. Ct. 366; *People v. Felton* (1989), 191 Ill. App. 3d 599, 601, 548 N.E.2d 57, 59.) Defendant has not convinced us that had he known that he might be subject to court-ordered restitution of $135.80, he would have pleaded not guilty and would have instead insisted on going to trial.

Defendant was subject to an extended term pursuant to section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2) because he had a prior felony conviction. The factual basis for the forgery charge was sound according to all accounts. We do not believe that defendant would have chosen to go to trial over pleading guilty to the charge even if he had been aware that he would be required to pay restitution. $135.80 seems to be a small sum to pay in comparison to the possibility of an additional five years in prison. Therefore, defendant has not convinced us that his trial counsel was incompetent, and we find that defendant's argument concerning the restitution order is waived.

For the foregoing reasons, the judgment of the circuit court of Fayette County is affirmed.

Affirmed.

HARRISON and LEWIS, JJ., concur.