**John Wayne GACY, Petitioner–Appellant,**

v.

**Thomas PAGE, Warden, Respondent– Appellee.**

No. 94–2044.

United States Court of Appeals, Seventh Circuit.

Submitted May 9, 1994.

Decided May 9, 1994.

---

888

Gregory A. Adamski, Karen Conti, Adamski & Conti; John C. Greenlees, Durante & Greenlees, Chicago, IL, and David J. Keefe, Waukegan, IL, for petitioner-appellant.

Arleen C. Anderson, Asst. Atty. Gen., Office of the Atty. Gen., Chicago, IL, for respondent-appellee.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Illinois plans to execute John Wayne Gacy in less than twelve hours, at 12:01 A.M. Tuesday morning. Gacy asks us to issue a stay so that we may review the appeal he has just filed from an order denying his second federal petition for a writ of habeas corpus. The district court not only denied the petition (filed on May 2, 1994) but also declined to issue a certificate of probable cause to appeal, concluding that the petition is frivolous.

Although the district court denied the petition on Friday, May 6, at approximately 3:00 P.M., Gacy did not file an appeal or seek a stay until 12:20 P.M. today. If his lawyers believed that deluging the court with paper at the last instant would lead us to delay the execution in order to have more time to read the documents, they were mistaken. This panel is well acquainted with the case, having issued the decision on his first request for collateral relief. See Circuit Rule 22(a)(4). We deny the application for a certificate of probable cause and therefore deny as well the request for a stay of execution.

Even in a capital case, an applicant for a certificate of probable cause must make "a substantial showing of the denial of a federal right." *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). *See also Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). This standard is difficult to meet when the applicant has had a complete federal review of his claims. Gacy received such a review, spanning several years, during which the district court sifted almost a hundred legal contentions. We affirmed the denial of the petition for a writ of habeas corpus. *Gacy v. Welborn,* 994 F.2d 305 (7th Cir.), cert. denied, — U.S. —, 114 S.Ct. 269, 126 L.Ed.2d 220 (1993). Gacy's new petition reargues some issues that were raised and rejected previously and presents one new claim, concerning the manner of execution, that readily could have been raised previously but was not. He lacks cause and prejudice, and therefore the renewed petition is an abuse of the writ. *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Gomez v. United States District*

*Court,* —— U.S. ——, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992).

 The only legal claim that is even arguably proper after *McCleskey* is the contention that the Supreme Court's decision in *Tuilaepa v. California,* No. 93–5131 (argued March 22, 1994), may affect the validity of the standards Illinois uses to choose those eligible for capital punishment. But all avenues of attack on the Illinois standards have been exhausted long ago. Both the Supreme Court of Illinois and this court have concluded, after sustained attention, that the Illinois system is constitutionally acceptable. *Free v. Peters,* 12 F.3d 700 (7th Cir.1993), is the most recent among many such cases. Whatever the Supreme Court says in *Tuilaepa* about California's system would, if it leads us to reconsider our views about the Illinois system, establish a "new rule," inapplicable to Gacy under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See Caspari v. Bohlen,* —— U.S. ——, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994).

 Much the same may be said of the grant of certiorari on April 25, 1994, in *Kyles v. Whitley,* —— U.S. ——, 114 S.Ct. 1610, 128 L.Ed.2d 338, which presents questions concerning the assignment of burdens when evaluating claims under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in capital cases. This court fully considered Gacy's arguments concerning exculpatory evidence when the case was last here, and the possibility (no more than that) that the Supreme Court will say something pertinent to the subject does not justify delay of indefinite duration. Changes in law after the completion of direct appeals do not apply retroactively, with exceptions not applicable here. Gacy's direct appeals ended in 1985. *See People v. Gacy,* 103 Ill.2d 1, 82 Ill.Dec. 391, 468 N.E.2d 1171 (1984), cert. denied, 470 U.S. 1037, 105 S.Ct. 1410, 84 L.Ed.2d 799 (1985). The potential for legal developments does not benefit Gacy, when even completed legal developments would not do so.

 Bypassing all procedural obstacles, the district court rejected Gacy's claims on the merits. The district court's opinion compellingly shows that the contentions substantively fail the standard of *Barefoot* and *Lozada.* In particular, the contention advanced by Gacy's lawyers that Gacy is unable to assist them—implying that he may not be executed because he is insane—was rejected for failure of proof. The district court concluded that Gacy's difficulty in coping with the events does not differ from what many other persons experience when all legal and factual avenues have been exhausted and the end of mortal existence looms. Gacy's lawyers did not offer any medical or psychological evidence of insanity; they relied entirely on their own assessment of his mental state, which the district judge properly concluded is insufficient. Because Gacy's claims fail both substantively and procedurally, we deny the application for a certificate of probable cause and the motion for a stay of execution.