THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ONE SINGLE-FAMILY RESIDENCE AND REAL ESTATE COMMONLY KNOWN AS 712 NORTH HUGHES, West Frankfort, Franklin County, *et al.*, Defendants-Appellees.

Fifth District    No. 5—94—0682

Opinion filed April 3, 1996.

Terry M. Green, State's Attorney, of Benton (Norbert J. Goetten, Stephen E. Norris, and Mary H. Doyle, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Pamela Lacey, of Hart & Hart, and Joseph W. Hickman, both of Benton, for appellees.

JUSTICE RARICK delivered the opinion of the court:

On May 5, 1993, the State filed a complaint for forfeiture in the circuit court of Franklin County, seeking the forfeiture of a residence located at 712 North Hughes in West Frankfort. In support of the complaint, the State alleged that pursuant to a search warrant, police had searched the residence and found, among other things, a bottle containing lysergic acid diethylamide (LSD) and four plastic bags containing cannabis. The State also alleged that the owner of the premises, Leah Denise Kouzoukas, admitted that she and her

sister had possessed LSD while in the residence and had sold LSD to neighbors. The State further alleged that Kouzoukas had committed the offense of possession of a controlled substance with intent to deliver in violation of section 401 of the Illinois Controlled Substances Act (the Act) (720 ILCS 570/401 (West 1992)).

Reni Mugnaini sought and was granted leave to intervene. Mugnaini alleged that while title to the residence was in Kouzoukas' name, he had provided the money for the purchase of the residence and he therefore had a purchase-money resulting trust. Kouzoukas and Mugnaini filed a joint motion for summary judgment arguing that because Kouzoukas had been convicted of possession but acquitted of possession with the intent to deliver, forfeiture of the property would constitute multiple prosecution and punishment for the same offense in violation of the double jeopardy clause. The trial court granted the motion, finding that the forfeiture of Kouzoukas' residence was barred on double jeopardy grounds.

On appeal, the State argues that the trial court erred in finding that the forfeiture action against Kouzoukas was barred on double jeopardy grounds. Specifically, the State maintains that double jeopardy does not apply because the forfeiture action and the underlying criminal prosecution are based upon separate offenses.

■ The constitutional prohibition against double jeopardy safeguards against three distinct abuses: (1) a second prosecution after acquittal; (2) a second prosection after a conviction; and (3) multiple punishments for the same offense in separate proceedings. *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 128 L. Ed. 2d 767, 114 S. Ct. 1937 (1994). To determine whether the civil forfeiture action would violate Kouzoukas' constitutional protection against double jeopardy, we must determine: (1) whether the forfeiture action constitutes "punishment"; (2) whether the forfeiture and the criminal prosecution constitute punishment for the same offense; and (3) whether the forfeiture action and the criminal prosecution were separate proceedings. *United States v. Ursery*, 59 F.3d 568 (6th Cir. 1995), *cert. granted*, 516 U.S. 1070, 133 L. Ed. 2d 707, 116 S. Ct. 762 (1996). All three determinations must be in the affirmative for double jeopardy to apply.

■ With respect to the issue of whether the forfeiture action and the criminal prosecution constitute multiple punishments for the same offense, the Supreme Court has held that the double jeopardy bar applies if the two offenses for which the defendant is punished violate the "same-elements" or *Blockburger* test. *United States v. Dixon*, 509 U.S. 688, 125 L. Ed. 2d 556, 113 S. Ct. 2849 (1993); *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180

(1932). Under *Blockburger*, unless each offense contains an element not contained in the other, double jeopardy bars additional punishment. Under *Blockburger* and its progeny, if a lesser-included offense has been charged, the greater offense cannot subsequently be charged without violating the double jeopardy clause. The appropriate question before us, therefore, is whether either the possession charge or the possession with intent to deliver charge contains any element not found in the forfeiture action.

The State acknowledges that the issue of whether civil forfeiture proceedings following a criminal conviction violate double jeopardy was recently addressed in *People v. Towns*, 269 Ill. App. 3d 907, 646 N.E.2d 1366 (1995). The State contends, however, that the analysis in *Towns* is incomplete because it did not address the issue of whether the two successive proceedings and punishment were for the same offense. This issue was recently addressed, however, by our supreme court in *In re P.S.*, 169 Ill. 2d 260, 661 N.E.2d 475 (1996), and we find the decision therein to be dispositive. Consolidated with *In re P.S.* were *People v. Turner*, No. 78944, and *People v. Kimery*, No. 78910. Defendant Kimery was charged with possession of an unlawful substance in violation of section 402(c) of the Act (720 ILCS 570/402(c) (West 1992)). The State sought forfeiture of his automobile pursuant to section 505(a)(3) of the Act (720 ILCS 570/505(a)(3) (West 1992)), contending that the automobile had been used to facilitate the sale, receipt, possession, and concealment of a controlled substance. Our supreme court ruled that the forfeiture action and Kimery's criminal conviction punished him for the same offense. In reaching this conclusion, the court noted:

> "Any forfeiture under section 505(a)(3) of the Controlled Substances Act, therefore, requires proof of a criminal offense under the Controlled Substances Act. Thus, the State could not confiscate Kimery's vehicle without a showing that he possessed a controlled substance. The criminal offense is therefore subsumed by the forfeiture statute and does not require proof of an element that is not required by the forfeiture action. [Citations.] The only difference between the forfeiture and criminal proceedings is the remedy sought." *In re P.S.*, 169 Ill. 2d at 277, 661 N.E.2d at 484.

In the present case, Kouzoukas was charged with the offense of possession with intent to deliver a controlled substance in violation of section 401 of the Act (720 ILCS 570/401 (West 1992)). The State subsequently filed a complaint for forfeiture pursuant to section 505(a)(6) of the Act (720 ILCS 570/505(a)(6) (West 1992)), which provides for the forfeiture of all real property which is used or intended to be used in any manner to facilitate the commission of

any violation or act that constitutes a violation of section 401 or 405 of the Act. At trial, the jury acquitted Kouzoukas of possession with intent to deliver but convicted her of the lesser-included offense of simple possession, a violation of section 402 of the Act (720 ILCS 570/402 (West 1992)). The State had given a lesser-included-offense instruction over Kousoukas' objection. As in *In re P.S.*, the criminal offense with which Kouzoukas was charged is subsumed by the forfeiture statute and does not require proof of an element not required by the forfeiture action. Although Kouzoukas was not convicted of a violation of section 401 of the Act, the violation upon which the forfeiture was based, she was prosecuted for it, and as noted above, the double jeopardy clause prohibits multiple prosecutions for the same offense.

Having determined that the forfeiture action and the criminal prosecution were based upon the same offense, we must address the issues of whether the civil forfeiture action constitutes "punishment" for double jeopardy purposes and whether the civil forfeiture and criminal prosecution were separate proceedings.

With respect to the question of whether civil forfeiture constitutes punishment, our supreme court's decision in *In re P.S.* is again dispositive. After reviewing the Supreme Court's decisions in *United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989), *Austin v. United States*, 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (1993), and *Kurth Ranch*, our supreme court held that the forfeiture of Kimery's car constituted punishment for double jeopardy purposes. We likewise hold that the forfeiture of Kouzoukas' house constitutes punishment for double jeopardy purposes.

We must also determine whether the forfeiture proceeding in the present case was separate from the criminal proceeding. The State contends the forfeiture action was separate from the criminal action as a result of a series of continuances and failures to appear by Kouzoukas. We have previously held that "forfeiture proceedings are a separate process of law and not part of the criminal proceeding." *People v. Durbin*, 210 Ill. App. 3d 825, 827, 569 N.E.2d 548 (1991).

Kouzoukas also argues that the trial court's ruling, although based solely on double jeopardy grounds, could be upheld based upon the eighth amendment's prohibition against excessive fines. Having determined that the trial court's entry of summary judgment in Kouzoukas' favor was based upon double jeopardy grounds, we need not address this argument.

The State next argues that we should reverse the judgment of the trial court because it was unauthorized by statute. The State maintains that section 9(J) of the Drug Asset Forfeiture Procedure

Act (725 ILCS 150/9(J) (West 1992)) provides that an acquittal or conviction does not bar civil forfeiture. The State acknowledges that it did not raise this argument in the trial court but contends that we should nevertheless consider the issue as plain error. *People v. Lucy*, 204 Ill. App. 3d 1019, 562 N.E.2d 1158 (1990). Even if not waived, it is axiomatic that a State statute cannot authorize a prosecution that is otherwise barred by the double jeopardy provisions of our state and federal constitutions.

■ Finally, the State argues that because the trial court's decision was tantamount to a finding that section 9(J) of the Drug Asset Forfeiture Procedure Act is unconstitutional, this case must be transferred to our supreme court by virtue of Supreme Court Rule 302(a) (134 Ill. 2d R. 302(a)), which provides that appeals from a final judgment of a circuit court shall be taken directly to our supreme court in cases in which a statute has been held invalid. The State's argument is unpersuasive. In *Rehg v. Illinois Department of Revenue*, 152 Ill. 2d 504, 509, 605 N.E.2d 525 (1992), our supreme court held:

> "If this order is construed as resting exclusively upon the double jeopardy clause of the fifth amendment of the United States Constitution and its counterpart in the Illinois Constitution (Ill. Const. 1970, art. I, § 10), the trial court's judgment is not appealable directly to this court pursuant to Rule 302(a)(1). An order that application of the Act to the plaintiff would violate the prohibition against double jeopardy does not invalidate the Act, any more than an order declaring that a particular defendant may not be tried for homicide invalidates the homicide statute. Such an order does not declare a statute unconstitutional; it simply declares that application of that statute would violate a particular defendant's constitutional rights. An appeal from such an order is properly brought in the appellate court pursuant to Rule 301 (134 Ill. 2d R. 301)."

In the present case, the trial court's order was based exclusively upon double jeopardy grounds. The order was therefore not directly appealable to our supreme court.

For the foregoing reasons, the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

GOLDENHERSH and KUEHN, JJ., concur.