(No. 44118.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. RAYMOND STESKAL *et al.*, Appellants.

*Opinion filed October 1, 1973.*

EDWARD F. TARABILDA, of Springfield (BARB-ARA O'TOOLE, of American Civil Liberties Union, of counsel), for appellants.

RICHARD A. HOLLIS, State's Attorney, of Springfield (ROBERT BAREWIN, Assistant State's Attorney, assisted by David Dorris, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Raymond Steskal, appeals from a judgment of the circuit court of Sangamon County declaring certain movie films and photographs to be contraband and ordering them destroyed.

The facts herein are not in dispute. Pursuant to search warrants issued by that court, the Illinois State Police, on

May 23, 1969, conducted searches of certain premises owned by the defendant and seized films, photographs, magazines and photographic equipment owned by him. He was then charged with a violation of the Illinois Obscenity Statute in that he possessed obscene materials with knowledge of their content and with the intent to disseminate them. (Ill. Rev. Stat. 1967, ch. 38, par. 11—20.) Thereafter, defendant filed a motion to suppress the items which had been seized pursuant to these warrants. The circuit court, relying on *Lee Art Theatre, Inc. v. Virginia, 392 U.S. 636, 20 L. Ed. 2d 1313, 88 S. Ct. 2103*, granted said motion and ordered the materials returned to defendant. Although the State filed an appeal, its subsequent motion to withdraw the same was allowed on January 11, 1971.

Defendant then petitioned the circuit court to order the materials returned. The State, however, filed a "Complaint for Declaratory Judgment" against defendant alleging that he offered these materials for sale or rent to the public. It sought to have the materials declared obscene as hard-core pornography and prayed that they be destroyed.

Defendant filed a motion to strike contending that he was not a proper party for this was a civil action and the proper party-defendant was the material at issue; that the State was precluded from bringing this action because of the trial court's prior order to return the items; and, that since the items "at most" could be described as derivative contraband they could not be destroyed for to do so would violate defendant's fourth-amendment rights and would be in contravention of *One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 14 L. Ed. 2d 170, 85 S. Ct. 1246.* Thereafter the complaint was amended to include as a party-defendant the items sought to be forfeited.

After the trial court had viewed several films, defense counsel stipulated that all but one of the remaining films depicted acts of intercourse, fellatio and cunnilingus. The court then found these films and all photographs and

booklets depicting similar sexual conduct to be contraband and ordered their destruction. The remaining items were ordered returned.

This action is in the nature of a forfeiture proceeding. While no statute specifically details forfeiture of obscene material, the Code of Criminal Procedure does provide that contraband shall not be returned even if a person is released without charges being preferred. (Ill. Rev. Stat. 1969, ch. 38, par. 108–2.) Moreover, if a motion to suppress improperly seized evidence is granted, property shall be returned "unless otherwise subject to lawful detention." (Ill. Rev. Stat. 1969, ch. 38, par. 114–12(b).) Since obscene materials may be considered contraband (*United States v. Thirty-Seven Photographs, 402 U.S. 363, 376-77, 28 L. Ed. 2d 822, 834, 91 S. Ct. 1400; United States v. Wild (2d cir. 1969), 422 F.2d 34, 38; People v. Kimmel, 34 Ill.2d 578, 582*), they may be subject to forfeiture. The issue presented is whether these items in this instance may be so treated. Defendant does not contend that certain items were not obscene or hard-core pornography but argues that they are not contraband. The State maintains that these materials are contraband.

As enunciated in *One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 14 L. Ed. 2d 170, 85 S. Ct. 1246,* there are two categories of contraband. Contraband *per se* consists of those items whose possession alone constitutes a criminal offense and such articles need not be returned even if improperly seized. (See *Trupiano v. United States, 334 U.S. 699, 710, 92 L. Ed. 1663, 1672.*) Derivative contraband are articles which are not inherently illegal, but are used in an unlawful manner. These may also be subject to forfeiture. See also *People v. Moore, 410 Ill. 241.*

Obscene material must come under the latter classification to be declared contraband, for "the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime. *** [While] the

States retain broad power to regulate obscenity, that power simply does not extend to mere possession by the individual in the privacy of his own home." (*Stanley v. Georgia, 394 U.S. 557, 568, 22 L. Ed. 2d 542, 551, 89 S. Ct. 1243;* see also *Cinema Classics, Ltd. v. Busch (C.D. Cal. 1972), 339 F. Supp. 43, 49, aff'd, 409 U.S. 807, 34 L. Ed. 2d 66.*) Therefore, while the State possesses no inherent right to destroy pornographic materials, such as those involved in the present case, if it could be established that these items were disseminated in a manner proscribed by law, they could be subject to forfeiture.

As the State's brief filed herein makes clear, this proceeding was instituted because of defendant's alleged violation of the obscenity statute. No such proof of his criminal conduct, however, was forthcoming. There was only the unsupported allegation that he had offered these materials for rent or sale to the public. The fact that defendant did not deny that he used the items in an unlawful manner is of no consequence. The nature of this proceeding is comparable to that in *United States v. U.S. Coin & Currency, 401 U.S. 715, 28 L. Ed. 2d 434, 91 S. Ct. 1041,* wherein the court held that one who is accused of significant involvement in criminal activity might invoke his fifth-amendment privilege in a forfeiture action which is designed to penalize such conduct.

To allow a forfeiture under such circumstances would permit the State an opportunity to vindicate its allegation that defendant committed a criminal offense. It might also tend to create a situation where improper searches and seizures would be conducted with the knowledge that even though a criminal prosecution would be futile, the forfeiture proceedings would partially accomplish the same effect, *i.e.,* the destruction of obscene materials.

We hold that under the pertinent statutory framework applicable to the present case such articles may be destroyed only as a consequence of a successful criminal prosecution for violation of the obscenity statute. (*Cf.*

*People v. Movies, Inc., 49 Ill.2d 85.*) The circumstances of this case, however, disclose the futility of such an attempt due to the prior ruling on the motion to suppress which cannot be relitigated. *People v. Taylor, 50 Ill.2d 136.*

For these reasons the judgment of the circuit court of Sangamon County ordering destruction of certain property taken from defendant is reversed. The cause is remanded to that court with directions to dismiss the complaint and to order the items returned to defendant.

*Reversed and remanded with directions.*