MAGER, Judge
(concurring in part; dissenting, in part):
I must respectfully disagree with that portion of the majority opinion which would permit the county court to make a determination as to whether the seized films were obscene and hence subject to destruction. Therefore, to the extent that the circuit court’s order would prohibit the county court from conducting any hearing leading to a determination of obscenity vel non it should be affirmed.
However, it is my opinion that the county court does possess jurisdiction to conduct a hearing pursuant to F.S. § 847.011(7), provided such proceeding does not embrace a *626 determination of obscenity vel non. Hence the anomaly of a circuit court order which is partially correct and the majority opinion which I would suggest most respectfully is partially incorrect.
The writ of prohibition “may be employed to restrain exercise by the inferior court of jurisdiction which it does not possess, or to restrain action which is in excess of jurisdiction possessed”. State ex rel. Gore Newspaper Company v. Tyson. Fla.App.1975, 313 So.2d 777. A reading of sec. 847.011, as set forth in the majority opinion, reflects that the county court which was the court “having jurisdiction to try such (obscenity law) violation” had custody of the films in question and clearly possessed the jurisdiction to make a determination regarding its return or destruction. Sec. 847.011(7), which specifically provides for a hearing at which such a determination is made, is silent with respect to the predicate for the hearing except to the extent that the seized materials are “no longer required as evidence”. In other words, the authority to conduct the hearing is not dependent upon the outcome of a criminal proceeding, i. e., a conviction, an acquittal or a nol pros. Therefore, while a conviction, acquittal or a nol pros will, no doubt, have a bearing upon the outcome of such hearing it does not in my view affect the power, authority and jurisdiction of the county court to conduct such a proceeding.
Accordingly, the order of tfye circuit court seeking to prohibit the county court from conducting such a proceeding where the criminal charges against the defendant were nol prossed was overbroad.
However, although the county court is possessed of the jurisdiction to conduct a hearing for the determination of the return or destruction of the seized film it is my opinion that the county court would be acting “in excess of jurisdiction possessed” if it proceeds to make a determination of obscenity vel non with respect to the films held by the court as evidence. The determination of obscenity vel non is a determination to be made in the criminal proceeding giving rise to seizure of the films in question.
If a defendant in a criminal proceeding has been acquitted or if charges against that defendant are nol prossed neither the state npr the court gets a “second bite” at the obscenity apple. The hearing that would be held as a result of an acquittal or a nol pros would seem to be largely ministerial because an acquittal or nol pros would as a matter of law resolve the question of whether the seized material was “possessed or otherwise dealt with in violation of this (obscenity law)”. Under these circumstances the hearing would, perhaps, consist of nothing more than an authentication of the acquittal or nol pros. (A certified copy of the judgment or acquittal or a certified copy of the minutes reflecting the nol pros would seem to serve as a proper predicate upon which the court would enter its order returning the films to the claimant entitled to possession thereof.)
It is inconceivable to me that after a case has been nol prossed (or there has been an acquittal) a court possessing the seized evidence could then proceed to conduct a subsequent hearing on the very issue that was not resolved because of the nol pros (or was resolved because of an acquittal). A dangerous precedent would be established if after the obscenity charges were nol prossed for any number of reasons a new obscenity hearing could be held under the guise of determining whether the materials should be returned to the claimant or destroyed. Such a procedure should not be sanctioned.
It would seem to me that the hearing contemplated by section 847.011(7) has meaning if a defendant is convicted of possessing or otherwise dealing with materials in violation of the obscenity law. Under that circumstance if a claim were made for the return of the film either by the defendant or some other person claiming an entitlement thereto, the court would then ascertain whether the film or other items in *627 question were those specific items determined by the court in the criminal proceeding to be obscene. Clearly, an item cannot be “possessed or otherwise dealt with in violation of this section” unless it has been declared to be obscene; and while a determination of obscenity would serve as a basis for a conviction of the individual involved in connection therewith it would not resolve the question of further disposition of the items used in evidence. Hence, the proceeding contemplated by sec. 847.011(7), i. e., return to the claimant or destruction.
Conceivably there may be situations where multiple films and books are seized some of which form the basis of a conviction while others may not in which latter case they would be subject to return. Additionally, where a nol pros or an acquittal occurs in a case involving a multiple seizure, it would be necessary to ascertain which of the specific items gave rise to the criminal proceeding resulting in the nol pros or acquittal.
It would be sheer speculation to attempt to spell out every circumstance in which the 847.011 proceeding might be applicable. The point is simply that 847.011(7) does not authorize the court to view films in order to determine whether they are obscene inasmuch as obscenity vel non is beyond the jurisdiction possessed by the court in the proceeding contemplated by sec. 847.-011(7).
In People v. Steskal, 55 Ill.2d 157, 302 N.E.2d 321 (1973), the Supreme Court of Illinois was presented with a factual situation somewhat analogous to the instant case. There, the defendant was charged with possessing obscene materials which materials the court ultimately suppressed. Subsequently the defendant petitioned the court to have the materials returned. The State took the position that these articles were contraband and subject to destruction. The Illinois court pointed out that the proof of defendant’s criminal conduct was never forthcoming because the items in question were suppressed and no further criminal proceeding ensued. The court specifically held:
“Therefore, while the State possesses no inherent right to destroy pornographic materials, such as those involved in the present case, if it could be established that these items were disseminated in a manner proscribed by law, they could be subject to forfeiture.
“As the State’s brief filed herein makes clear, this proceeding was instituted because of defendant’s alleged violation of the obscenity statute. No such proof of his criminal conduct, however, was forthcoming. There was only the unsupported allegation that he had offered these materials for rent or sale to the public. The fact that defendant did not deny that he used the items in an unlawful manner is of no consequence. The nature of this proceeding is comparable to that in United States v. U. S. Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434, wherein the court held that one who is accused of significant involvement in criminal activity might invoke his fifth-amendment privilege in a forfeiture action which is designed to penalize such conduct.
“To allow a forfeiture under such circumstances would permit the State an opportunity to vindicate its allegation that defendant committed a criminal offense. It might also tend to create a situation where improper searches and seizures would be conducted with the knowledge that even though a criminal prosecution would be futile, the forfeiture proceedings would partially accomplish the same effect, i. e., the destruction of obscene materials.
“We hold that under the pertinent statutory framework applicable to the present case such articles may be destroyed only as a consequence of a successful criminal prosecution for violation of the obscenity statute. . . .” (at 323-324). (Emphasis added.)
*628 It would seem that a nol pros presents a somewhat stronger case for the return of the seized materials; it certainly would not serve as a basis for a further hearing on obscenity vel non.
In conclusion, it is my opinion that the court having jurisdiction to try the initial criminal violation possesses the jurisdiction to conduct a hearing on the return or the destruction of the seized material. The jurisdiction to conduct such hearing is not conditioned upon a conviction, an acquittal or a nol pros. The county court in the instant case has the jurisdiction to conduct a hearing albeit largely a ministerial proceeding. However, prohibition will lie to restrain a court from acting in excess of its jurisdiction; and a determination as to whether the seized materials are obscene or not after criminal proceedings have been nol prossed is an action which is in excess of the jurisdiction possessed by the county court.