THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* APARTMENT #16 IN THE TWO-STORY BRICK APARTMENT BUILDING LOCATED AT 1334 JUNIPER, RANTOUL, Defendant-Appellant.

Fourth District   No. 14199

Opinion filed October 14, 1977.

Neill Schurter, of Rantoul, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

This cause is in the nature of a return of an executed search warrant. Greg Lee Spoor, the alleged lessee of apartment 16 at 1334 Juniper, Rantoul, Illinois, appeals the denial of his motion praying the return of $2,500 which was alleged to have been unlawfully seized from his apartment on November 4, 1976.

The search warrant was issued by a judge of the circuit court for the sixth judicial circuit, Champaign County, on the sworn complaint of Angela Brough, a special agent for the Illinois Bureau of Investigation. Specifically, the warrant commanded that Spoor's apartment be searched and that "* * * the following instrument, articles and things which have been used in the commission of, or which constitute evidence of, the offense of unlawful possession and unlawful delivery of controlled substances and cannabis be seized therefrom: any and all controlled substances and cannabis, * * *." The return of all articles seized during the search discloses the seizure of suspected cannabis, suspected controlled substances, a set of scales, a pipe, a knife, ammunition, various papers and the $2,500 in United States currency which is the subject of this appeal.

On December 27, 1976, Spoor filed a verified motion for the return of his $2,500. Our record reflects that neither criminal charges against Spoor nor a forfeiture proceeding concerning the currency have been initiated by the State. The circuit court, however, conducted a hearing on defendant's motion on December 27, 1976.

At that hearing, agent Brough testified that she purchased narcotics from Spoor on three occasions including November 4, 1976. On each occasion Spoor placed the money which Brough handed him in his wallet.

On November 4, 1976, Brough purchased $360 worth of hashish, cannabis, and phenycyclidine (P.C.P.). At that time Spoor told Brough that when he accumulated $500, he would put it together and put it away. Later that day, when Brough and other officers were executing the search warrant at Spoor's apartment, the officers uncovered the $2,500 in $500 bundles in the right-hand top drawer of a bedroom dresser. Although narcotics were not discovered in that drawer, a plastic bag suspected of containing hashish was found in another drawer of that same dresser. Brough testified that she did not know, prior to the search, that the money was in the dresser, however, Spoor subsequently stated at the police station that part of the money was obtained earlier in the day from Brough.

Section 12 of the Cannabis Control Act provides:

"(a) The following are subject to forfeiture:

❋ ❋ ❋

(4) all money ❋ ❋ ❋ which [is] used, or intended for use, in violation of this Act.

(b) Property subject to forfeiture under this Act may be seized by the Director [of the Department of Law Enforcement] or any peace officer upon process issued by any court having jurisdiction over the property. Seizure ❋ ❋ ❋ without process may be made:

❋ ❋ ❋

(2) If there is probable cause to believe that the property is directly or indirectly dangerous to health or safety; or

(3) In accordance with the Code of Criminal Procedure of 1963, as amended.

(c) In the event of seizure pursuant to subsection (b), proceedings under subsection (d) shall be instituted promptly.

(d) Property taken or detained under this Section shall not be subject to replevin, but is deemed to be in the custody of the Director subject only to the order and decrees of the circuit court having jurisdiction over the forfeiture proceedings." (Ill. Rev. Stat. 1975, ch. 56½, par. 712(a)(4), (b)(2), (b)(3), (c), (d).)

Section 505(a)(4), (b)(3), (b)(4), (c) and (d) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1505(a)(4), (b)(3), (b)(4), (c), (d)) contains provisions identical to those quoted from section 12 of the Cannabis Control Act. As already noted, the proceeding referred to in these provisions has not been initiated in the instant case.

On appeal, Spoor has raised two issues for our review: (1) whether the seizure of his money violated some constitutional or statutory provision pertaining to unreasonable searches and seizures for the reason that the currency was not particularly described in the search warrant; and (2) whether the currency could properly be seized as contraband. In essence,

Spoor has raised the sole question of whether money seized pursuant to sections 12 and 505 is to be treated differently than other items seized during a valid search which may later be the subject of a forfeiture proceeding.

In *People ex rel. Carey v. Covelli* (1975), 61 Ill. 2d 394, 336 N.E.2d 759, the daughters of Sam Giancana sought the return of a locked desk and filing cabinet which had been seized by investigators from the Cook County State's Attorney's office after Giancana had been murdered in his home. In their self-styled "complaint in Chancery," the daughters alleged that they lacked an adequate remedy at law and that they lacked a forum in which to quash the police search warrant because no civil or criminal proceedings were pending. The circuit court ordered that the property be returned to the daughters; however, the State sought writs of mandamus and prohibition in the supreme court.

In awarding a writ of mandamus commanding the expungement of the circuit court's order, a majority of our supreme court stated through Mr. Justice Schaefer that it was error to interfere in the statutory remedy available to Giancana's daughters under section 108—11 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 108—11). The court also noted that section 114—12(a) of the Code did not afford a remedy for the daughters because they were not defendants aggrieved by an unlawful search who would otherwise be entitled to a return of the property or an order suppressing it as evidence. 61 Ill. 2d 394, 402-03, 336 N.E.2d 759.

In their sharp partial dissent in *Carey*, Justice Ward and Chief Justice Underwood agreed that the circuit court erred in entertaining the daughters' complaint; however, the two justices did not give a reason for their agreement. Instead, they stated that an *in camera* examination to protect rights of privacy would intrude into the police and prosecutorial functions if the *in camera* examination involved an unsolved crime. The two justices also expressed their belief that section 108—11 only authorizes judges to enter orders providing for the custody of seized articles pending further proceedings.

■■ As in *Carey*, no criminal proceeding was instituted in the instant case, so section 114—12 cannot afford a remedy to Spoor. Similarly, section 108—11 concerns the custody, and as the majority in *Carey* stated, the return of seized articles pending further proceedings. Such proceedings, however, have been neither instituted nor seriously contemplated since the seizure on November 4, 1976. In view of this fact, we find that section 108—11 does not afford a remedy here and that the relief prayed by Spoor would not be an intrusion into police or prosecutorial functions.

Spoor contends that the seizure of his $2,500 was violative of the

constitutional and statutory provisions protecting him from unreasonable searches and seizures because the money was not listed in the search warrant despite agent Brough's knowledge of it and because there was no showing of probable cause that would connect the seizure of the money as contraband with Spoor's allegedly unlawful conduct.

In *People v. Hall* (1977), 45 Ill. App. 3d 469, 359 N.E.2d 1191, this court held that an officer's seizure of items immediately apparent to be contraband is proper where the search was conducted pursuant to an otherwise valid search warrant. From the testimony of the officers in the instant case, it is apparent that they knew prior to the search that Spoor kept his drug money in $500 packets, although they did not know where those packets were stored. As a consequence, when they discovered $500 packets in the same dresser as the alleged narcotics, it became immediately apparent that they had discovered Spoor's drug money and that they could seize it pursuant to section 12 of the Cannabis Control Act and section 505 of the Illinois Controlled Substances Act.

■■ Although subsection (d) of sections 12 and 505 provide that property detained under the sections shall not be subject to replevin, such property shall still be subject to controlling orders of the circuit court. We construe these sections to mean that the circuit court could return to Spoor any property subject to forfeiture pursuant to sections 12(d) and 505(d) so long as Spoor could lawfully possess that property. *Cf. Carey; People v. Canaday* (1971), 49 Ill. 2d 416, 423, 275 N.E.2d 356.

■■ In a replevin action, the plaintiff must recover, if at all, on the strength of his own title and his right to immediate possession of the property. (*Frank v. Hayes* (1960), 25 Ill. App. 2d 99, 166 N.E.2d 283.) It is clear that sections 12(d) and 505(d) of the Code have removed Spoor's right to the remedy of replevin but those sections, under the teaching of *Carey* and under the express language used in the section, do not limit the court's authority to return Spoor to possession. On the other hand, no forfeiture proceeding was prosecuted by the State contrary to the express requirements of sections 12(c), (d), and 505(c), (d), of the Code.

In *People v. Steskal* (1973), 55 Ill. 2d 157, 302 N.E.2d 321, a defendant's motion to dismiss charges stemming from the seizure of allegedly obscene materials was allowed. Thereafter, the State successfully prosecuted a forfeiture proceeding involving the materials which were to be destroyed pursuant to the court's order. In reversing that order, the supreme court remanded the cause to the circuit court with directions to dismiss the complaint for forfeiture and to return the items to the defendant. The court stated that:

> "* * * while the State possesses no inherent right to destroy pornographic materials, such as those involved in the present case, if it could be established that these items were disseminated in a

manner proscribed by law, they could be subject to forfeiture.

As the State's brief filed herein makes clear, this proceeding was instituted because of defendant's alleged violation of the obscenity statute. No such proof of his criminal conduct, however, was forthcoming. There was only the unsupported allegation that he had offered these materials for rent or sale to the public. The fact that defendant did not deny that he used the items in an unlawful manner is of no consequence. The nature of this proceeding is comparable to that in *United States v. U.S. Coin & Currency*, 401 U.S. 715, 28 L. Ed. 2d 434, 91 S. Ct. 1041, wherein the court held that one who is accused of significant involvement in criminal activity might invoke his fifth-amendment privilege in a forfeiture action which is designed to penalize such conduct.

To allow a forfeiture under such circumstances would permit the State an opportunity to vindicate its allegation that defendant committed a criminal offense. It might also tend to create a situation where improper searches and seizures would be conducted with the knowledge that even though a criminal prosecution would be futile, the forfeiture proceedings would partially accomplish the same effect, *i.e.*, the destruction of obscene materials.

We hold that under the pertinent statutory framework applicable to the present case such articles may be destroyed only as a consequence of a successful criminal prosecution for violation of the obscenity statute. (*Cf. People v. Movies, Inc.*, 49 Ill. 2d 85.) The circumstances of this case, however, disclose the futility of such an attempt due to the prior ruling on the motion to suppress which cannot be relitigated. *People v. Taylor*, 50 Ill. 2d 136." 55 Ill. 2d 157, 160-61, 302 N.E.2d 321, 323-324.

Since it is not clear in the instant case that prosecution of Spoor or a proceeding seeking the forfeiture of his $2,500 will be futile, we reverse the circuit court's order denying Spoor's motion seeking a return of the $2,500. In the event that a future proceeding is properly instituted pursuant to section 12(d) of the Cannabis Control Act and section 505(d) of the Illinois Controlled Substances Act, the circuit court may make the determinations implicit therein.

Reversed.

CRAVEN, P. J., and SLATER, J., concur.