THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NEDAL HALAWA, Defendant-Appellant.

First District (3rd Division)    No. 1—96—3445

Opinion filed July 30, 1997.

Law Office of Michael A. Unger, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald, and James P. Lynch, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LEAVITT delivered the opinion of the court:

On March 13, 1996, defendant, Nedal Halawa, age 17, pleaded guilty to the charge of unlawful use of a weapon and was sentenced to one year of probation. On June 13, 1996, the trial court denied defendant's motion to vacate his guilty plea. Defendant now contends that the trial court erred by denying that motion. We reverse and remand.

In January 1996, defendant's father called the Park Ridge police department and said that he wanted to surrender a shotgun. He was instructed to bring the gun to the station. Father and son then

brought the gun to the station. Later that day, a police officer telephoned the defendant's father. The officer said he wanted more information about the gun but that no one would be charged with a crime. The next day, an officer called again asking that the parties return to the station. Defendant went to the police station without his father, who had another commitment.

At the police station, defendant admitted that he possessed the shotgun. Officer Lawrence Sprandel then charged defendant with unlawful use of a weapon, possession of a firearm without a firearm owner's identification card, and possession of ammunition without a firearm owner's identification card. Defendant's family retained their real estate attorney to counsel and represent defendant. On that attorney's advice, defendant entered into a plea agreement with the prosecution. In accord with that agreement, defendant waived a preliminary hearing and pleaded guilty to the charge of unlawful use of a weapon. Defendant's counsel filed no motions and there is no record reflecting a tender of discovery.

Providing a factual basis for defendant's plea, the State informed the court that if it were to proceed to trial, the evidence would show:

> "[O]n January 9, 1996 the defendant knowingly possessed a gun, a double barrelled shotgun, sawed off shotgun with a barrel being less than 18 inches in length, and that on that same date, the defendant made an oral and written admission to Park Ridge Police officers as to the same."

In the course of defendant's plea, defendant's father interrupted to advise the trial judge that an officer had taken defendant's statement without an attorney present. The trial judge then briefly passed the matter to allow defendant's father and defendant to consult with counsel. Upon resumption of the matter, the trial judge paused in giving the defendant his admonishments after the father expressed concern with the procedure then taking place. The judge stated:

> "Sir, it's very important that you understand what the procedures are. Whether or not there is a legal defense, whether or not there is [sic] any preliminary motions that should be filed, again, if you wish to speak further with your son's attorney?"

After defendant's father and defendant consulted with the attorney, defendant informed the trial court that he freely and voluntarily signed the document waiving his right to a jury trial. The trial court then sentenced defendant to one year of probation for the felony offense. The defendant had no prior criminal record. The State presented no evidence in aggravation. The record here gives us notice of the summary nature of the proceeding.

On June 13, 1996, represented by new counsel, defendant moved

to vacate his guilty plea. Defendant contended that his earlier plea was involuntary and made with an inadequate understanding of the nature and consequences of pleading guilty. He also contended that he was entrapped by the police, who guaranteed him immunity from prosecution and then charged him with possession of the gun. This motion was denied.

■ Defendant now contends that the trial judge erred in denying the motion because the evidence supported an entrapment defense and because the ends of justice would be better served by allowing a trial. We will not disturb the trial court's decision to deny a motion to withdraw a plea absent an abuse of discretion. *People v. Davis*, 145 Ill. 2d 240, 244 (1991). The trial court should allow the withdrawal of a plea where it appears that the plea was based on a misapprehension of the facts or law, that the defendant has a defense worthy of consideration, or where the ends of justice would be better served by trial. *Davis*, 145 Ill. 2d at 244, quoting *People v. Morreale*, 412 Ill. 528, 531-32 (1952).

■ Defendant first contends that he had an entrapment defense worthy of consideration. That defense requires that:

"(1) the concept of committing the offense originated with the State, (2) which actively encouraged the defendant to commit the offense, (3) for the purpose of obtaining evidence for his prosecution, and (4) the defendant was not predisposed to commit the offense." *People v. Lozada*, 211 Ill. App. 3d 817, 821 (1991).

Defendant, who contends that the police induced him to return to the station and give a statement that he owned the gun, has not shown and cannot establish that he had an entrapment defense worthy of consideration. He cannot show that the concept of committing the offense of possessing the weapon originated with the State where his father informed the police that he had a gun he wished to surrender.

Defendant's contention that the ends of justice would have been better served by a trial has more merit. See *People v. Jameson*, 387 Ill. 367 (1944). He suggests that his original counsel was ineffective and that his plea was neither voluntary nor consensual. Defense counsel was ineffective if his performance was deficient and that deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984).

■ In considering defendant's claim of ineffective assistance of counsel under *Strickland*, we must examine the "fundamental fairness of the proceeding and consider 'whether *** the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.' " *People v. Shelton*, 281 Ill. App. 3d 1027, 1036-37 (1996), quoting *Strick-*

*land,* 466 U.S. at 696, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069. "At a minimum, defense counsel must act as a true advocate for the accused, subjecting the prosecutor's case to meaningful adversarial testing." *Shelton,* 281 Ill. App. 3d at 1037, citing *United States v. Cronic,* 466 U.S. 648, 656, 80 L. Ed. 2d 657, 666, 104 S. Ct. 2039, 2045 (1984).

Our supreme court has recognized that "[u]nder exceptional circumstances, the two-part *Strickland* test need not be satisfied." *People v. Foster,* 168 Ill. 2d 465, 481 (1995), citing *People v. Hattery,* 109 Ill. 2d 449, 461 (1985). "When counsel 'entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable.'" *Foster,* 168 Ill. 2d at 481, quoting *Cronic,* 466 U.S. at 659, 80 L. Ed. 2d at 668, 104 S. Ct. at 2047. Prejudice is presumed in such situations. *Foster,* 168 Ill. 2d at 481.

■ Reviewing the specific facts of this cause and the totality of defense counsel's conduct (see *People v. Nilsson,* 230 Ill. App. 3d 1051, 1055 (1992)), we find this to be an exceptional case in which the defendant's counsel's performance amounted to no representation at all. *Foster,* 168 Ill. 2d at 481. Defendant's lawyer did not file a motion for discovery. There is no indication that the State ever tendered discovery to defendant. No motion to quash arrest and suppress the defendant's statements was filed. Recognizing that defense counsel's decision whether to file a motion is a matter of trial strategy to which we give great deference, we note here that no motions were filed. *People v. Bryant,* 128 Ill. 2d 448, 458 (1989). The voluntariness of the defendant's statement to the police was unchallenged by defendant's lawyer. Counsel waived his client's right to a probable cause determination. There was neither a preliminary hearing nor grand jury proceeding.

Notwithstanding the fact that the trial court admonished defendant as to his rights before he pled guilty, when considering the fundamental fairness of the proceeding, we find that defense counsel's representation was deficient and prejudiced defendant. The record reveals the summary nature of the proceeding below. In light of that, we find that.defendant's counsel failed to subject the prosecution's case to meaningful adversarial testing and that defendant was thereby prejudiced. See *Foster,* 168 Ill. 2d at 481; *Hattery,* 109 Ill. 2d at 461. Defense counsel never tested the process that subjected defendant to criminal jeopardy. Counsel entirely abandoned employment of any of the procedural safeguards to which defendant was entitled.

■ We weigh in our decision public policy concerns. Public policy

favors safe storage and disposal of guns to "protect society and potential victims of nonaccidental and accidental deaths and injuries resulting from *** weapons and ammunition." See *Kromeich v. City of Chicago*, 258 Ill. App. 3d 606, 612 (1994) (discussing firearms registration ordinance). Defendant's father sought police involvement in discarding a dangerous weapon. Public policy favors this method of weapon disposal.

Accordingly, we reverse the judgment of the trial court denying defendant's motion to vacate and remand this cause for proceedings consistent with this order.

Reversed and remanded.

GORDON and CAHILL, JJ., concur.