THE CITY OF CHICAGO, Plaintiff-Appellant, v. ROBERT JEFFRIES, Defendant-Appellee.

First District (6th Division)   No. 1—02—2866

Opinion filed February 6, 2004.

Mara S. Georges, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Suzanne M. Loose, Assistant Corporation Counsel, of counsel), for appellant.

No brief filed for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

■ Defendant Robert Jeffries pled guilty and was convicted of possession of cannabis and failure to register four firearms. The trial court entered an order releasing two of the firearms to defendant with the direction that he disable them. Plaintiff City of Chicago filed a motion to reconsider the trial court's order, and the court denied the motion. On appeal, plaintiff contends the trial court had no authority to release the firearms, and in doing so, the court disregarded the mandatory forfeiture provision in section 8—20—220 of the Chicago Municipal Code (Chicago Municipal Code § 8—20—220 (1999)). Although defendant did not file any response to this appeal, this court may decide the merits without the aid of an appellee's brief and will do so in the instant case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976). We reverse and remand with directions.

The record establishes that in April 2002, defendant was arrested at his home in Chicago and charged with unlawful possession of cannabis and failure to register four firearms in violation of the Chicago Municipal Code. The police seized the following firearms: a semiautomatic pistol loaded with several live rounds; a "fifty twelve gauge pump" loaded with one live round; a loaded .22-caliber pistol loaded with three magazines; and a rifle.

In June 2002, the State, plaintiff, and defendant held a Supreme Court Rule 402 (177 Ill. 2d R. 402) conference with the trial court. The conference was held off the record. Following the conference, defendant pled guilty to unlawful possession of cannabis and failure to register four firearms. The parties stipulated to the facts. The court sentenced defendant to one year of supervision and imposed a $600 fine. After the court sentenced defendant, plaintiff requested that all four weapons be confiscated and destroyed. The court noted that the rifle and a fifty twelve gauge pump had been the property of defendant's deceased grandfather. The court explained:

> "Considering these were his grandfather's, I'm not ordering the confiscate [*sic*] and destroy [*sic*] on those 2. But as to the automatic pistol and the .22 caliber pistol Smith and Wesson, those will be ordered to be confiscated and destroy[ed]."

Plaintiff objected to the release of the two firearms because they were *per se* contraband in that defendant failed to register them. The court stated that during the conference it was mentioned that defendant's intentions were to register the two firearms in question and then retrieve them from the police department. The court entered a written

order releasing the two firearms to defendant with the direction that defendant disable the firearms by destroying the firing pins shortly after release. The court also entered a written order indicating that defendant was sentenced to one year of supervision, must pay a $600 fine, and must refrain from possessing a firearm or any other dangerous weapon.

In July 2002, plaintiff filed a motion to reconsider the court's order to release the two firearms to defendant. The motion alleged that the court erred in its application of the Chicago Municipal Code, which provides that unregistered firearms that are no longer needed as evidence must be confiscated and destroyed. Plaintiff further alleged that unregistered firearms held in violation of the municipal ordinance were contraband *per se* and must be confiscated and destroyed.

Thereafter, defendant filed a response. However, the record on appeal does not contain defendant's response. On August 27, 2002, plaintiff filed a reply to defendant's response, alleging that the only agreement between the parties was the "[s]upervision order" entered and signed by the parties, and there was no agreement to return the rifle and fifty twelve gauge pump to defendant. Plaintiff alleged that the "[s]upervision order" provided that defendant agreed to plead guilty in exchange for a sentence of one year of supervision and a $600 fine and did not list any conditions such as the release of the two firearms to defendant. Plaintiff also alleged that even assuming it agreed to release the two firearms, such an agreement would violate section 8—20—220 of the Chicago Municipal Code. Plaintiff also argued that defendant's allegations in his response that the firearms were heirlooms and fell under an "exceptional circumstances" exception to the ordinance had no legal foundation. On that same date, the trial court held a hearing on the motion. The same judge who held the Rule 402 conference presided over the hearing.

At the hearing, defense counsel stated that during the Rule 402 conference there was an agreement entered to release the two firearms to defendant, and defendant relied upon that "condition" in pleading guilty. The trial court stated that pursuant to the ordinance in question:

> "[W]henever any firearm or ammunition is surrendered or confiscated pursuant to terms of this chapter, the superintendent shall ascertain whether such firearm is needed as evidence in any matter. ***
>
> *** [I]f such firearm is not required for evidence, it shall be destroyed at the direction of the superintendent.
>
> Given the City attorney's argument, they state *** the superin-

tendent is required to dispose of the unregistered firearms. There have been cases in the past where I seem to recall that the word shall is capable of being interpreted as being mandatory or discretionary and I find that language is somewhat ambiguous in that regard.

I think the most significant aspect of the issue is that the Defendant entered a plea after a pre-trial conference with defense attorney and corporation counsel. My recollection is that the return of the rifle and shotgun were discussed in that conference. Two other weapons would be destroyed.

Considering the language in the order drafted by defense counsel, it states release of two firearms \*\*\* [which] will be disabled \*\*\* vis a vis destruction of the firing pins shortly after release, I believe it was contemplated in the conference that subject to these conditions in the order, those two guns would be returned to the Defendant and disabled.

I believe the Defendant relied upon that when he entered the plea of guilty. For whatever reason, corporation counsel thereafter filed a motion to reconsider.

Considering the points I have alluded to, there is also the antique gun exception. My belief that the primary purpose of the ordinance is to register guns, that guns can be legally possessed in the City of Chicago under State and Chicago law. It's the intention that these guns be disabled."

The trial court denied plaintiff's motion to reconsider.

On September 25, 2002, plaintiff filed a notice of appeal. This court allowed plaintiff to file an amended notice of interlocutory appeal on October 23, 2002.

On appeal, plaintiff contends that the trial court had no authority to order the release of the two firearms, and in doing so, the court disregarded the mandatory forfeiture provision in section 8—20—220 of the Chicago Municipal Code (Chicago Municipal Code § 8—20—220 (1999)). Plaintiff also contends the court had no authority to release the firearms because the unregistered firearms were contraband *per se.*

■ We initially note that an order is void where the court exceeds its authority, and a void order may be attacked at any time. See *Schak v. Blom*, 334 Ill. App. 3d 129, 134, 777 N.E.2d 635, 640 (2002); *Siddens v. Industrial Commission*, 304 Ill. App. 3d 506, 511, 711 N.E.2d 18, 21-22 (1999).

■ Forfeiture proceedings are civil in nature, and the party moving for forfeiture must prove its right to the items by a preponderance of the evidence. *People v. Ziomek*, 179 Ill. App. 3d 303, 306, 534 N.E.2d 538, 539 (1989). The trial court's decision on whether the property

should be confiscated will be upheld unless contrary to law or the manifest weight of the evidence. See *Ziomek*, 179 Ill. App. 3d at 306, 534 N.E.2d at 540. However, *de novo* review is required where the construction of a municipal ordinance is at issue. *City of Chicago v. Taylor*, 332 Ill. App. 3d 583, 585, 774 N.E.2d 22, 25 (2002).

■ Section 8—20—040(a) of the Chicago Municipal Code, entitled "Registration of firearms," provides that all firearms in Chicago shall be registered, and it shall be the duty of the person owning or possessing said firearm to register it. No person shall possess, harbor, have under his control, transfer, offer for sale, sell, give, deliver, or accept any firearm in Chicago unless the person is the holder of a valid registration certificate for the firearm. Chicago Municipal Code § 8—20—040(a) (amended July 7, 1992).

Section 8—20—220 of the Chicago Municipal Code, entitled "Destruction of weapons confiscated," provides that whenever any firearm is confiscated pursuant to the terms of this chapter, the superintendent shall determine whether such firearm is needed as evidence in any matter. If the firearm is not required for evidence, it "shall" be destroyed at the superintendent's direction. Chicago Municipal Code § 8—20—220 (1999).

■ Chicago's gun control ordinance exempts antique firearms from the registration requirements. Chicago Municipal Code § 8—20—030(f)(1) (amended March 10, 1999). An antique firearm includes any firearm with a matchlock, flintlock, percussion cap or similar type of ignition system, which is incapable of being fired or discharged; or any firearm manufactured before 1898 for which cartridge ammunition is not commercially available and is possessed as a curiosity or ornament or for its historical significance or value. Chicago Municipal Code § 8—20—030(b) (1999). In *Taylor*, this court held that a firearm is not considered an antique if it is "still operable and capable of using commercially available ammunition." *Taylor*, 332 Ill. App. 3d at 594, 774 N.E.2d at 32.

In the case at bar, the trial court made a passing reference to the antique gun exception in denying plaintiff's motion to reconsider. The court relied on the fact that it previously ordered the guns to be "disabled." Pursuant to section 8—20—030 of the Chicago Municipal Code, an antique firearm includes those firearms that are incapable of being fired or discharged. Chicago Municipal Code § 8—20—030(b) (1999). However, when the police seized defendant's firearms, the firearms were indisputably not disabled.

■ We find *Ziomek* instructive. In *Ziomek*, the defendant was charged under the Chicago Municipal Code with failure to register a deadly weapon. *Ziomek*, 179 Ill. App. 3d at 304, 534 N.E.2d at 539.

The trial court granted defendant's motion for the return of illegally seized weapons but directed that the property be returned outside the borders of the City of Chicago. *Ziomek*, 179 Ill. App. 3d at 305, 534 N.E.2d at 539. This court explained that the determination of whether property is considered contraband and subject to confiscation depends upon the nature of the property's " 'use *at the time of the seizure.*' " (Emphasis in original). *Ziomek*, 179 Ill. App. 3d at 306, 534 N.E.2d at 540, quoting *People v. Moore*, 410 Ill. 241, 252 (1951). This court held that unregistered firearms are contraband *per se*, the defendant's possession of the unregistered firearms alone was sufficient to subject the items to forfeiture, and the trial court exceeded its authority in attempting to transform the weapons into legitimately possessed property. *Ziomek*, 179 Ill. App. 3d at 310, 534 N.E.2d at 542. Therefore, it follows that the trial court in the present case was not permitted to transform defendant's two unregistered weapons into legitimately possessed antique weapons by ordering them to be disabled, and in doing so, the court exceeded its authority.

■ The trial court also found that the provision stating that if the firearm is not required for evidence it "shall" be destroyed at the superintendent's direction (Chicago Municipal Code § 8—20—220 (1999)) was ambiguous because "the word shall is capable of being interpreted as being mandatory or discretionary." The Chicago Municipal Code, however, expressly provides that "[t]he word 'shall' as used in this code is mandatory." Chicago Municipal Code § 1—4—100 (added June 27, 1990). Furthermore, we have previously held that the provision is not discretionary; once a firearm is no longer needed as evidence, the firearm "must" be destroyed. See *Kromeich v. City of Chicago*, 258 Ill. App. 3d 606, 611, 630 N.E.2d 913, 916 (1994). Following defendant's guilty plea here, the weapons were no longer needed as evidence and, accordingly, were subject to forfeiture and destruction. See *Ziomek*, 179 Ill. App. 3d at 311, 534 N.E.2d at 543.

The trial court clearly exceeded its authority in ordering the release of the weapons. We direct the trial court to order the confiscation of the property and proceed to dispose of the property pursuant to the Chicago Municipal Code. See *Ziomek*, 179 Ill. App. 3d at 312, 534 N.E.2d at 543. In light of our decision, we need not address plaintiff's other contentions as to why the trial court's decision to release the weapons should be reversed.

For all the foregoing reasons, we reverse the judgment of the trial

court ordering the return of the two firearms and remand the cause for further proceedings consistent with this order.

Reversed and remanded with directions.

O'MARA FROSSARD, P.J., and FITZGERALD SMITH, J., concur.